# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| WOODBRIDGE GROUP OF ) | |
| COMPANIES, LLC, *et al.*,[1] ) | Case No. 17-12560 (BLS) |
| ) | (Jointly Administered) |
| Remaining Debtors. ) | |
| ) | |
| MICHAEL GOLDERBG, in his capacity as ) | |
| Liquidating Trustee of the WOODBRIDGE ) | Adversary Proceeding No. 19-51027 (BLS) |
| LIQUIDATION TRUST, ) | |
| ) | |
| Plaintiff, ) | JURY TRIAL DEMANDED |
| ) | |
| v. ) | |
| ) | |
| KENNETH HALBERT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S ANSWER TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF AVOIDABLE TRANSFERS

Kenneth Halbert (the "Defendant"), through his undersigned counsel, files the following Answer to Complaint for Avoidance and Recovery of Avoidable Transfers (the "Complaint"), averring as follows:

## NATURE OF THE ACTION

1. The Defendant is without sufficient information to admit or deny the averments in paragraph 1. To the extent a response is required, the averments in paragraph 1 are denied.

2. The Defendant is without sufficient information to admit or deny the averments in paragraph 2. To the extent a response is required, the averments in paragraph 2 are denied.

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification number are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard, #302, Sherman Oaks, California 91423.

3. The Defendant is without sufficient information to admit or deny the averments in paragraph 3. To the extent a response is required, the averments in paragraph 3 are denied.

4. The averments in paragraph 4 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 4 are denied.

5. The Defendant submits that no response is required to the averments in paragraph 5. To the extent a response is required, the averments in paragraph 5 are denied.

## JURISDICTION AND VENUE

6. The averments in paragraph 6 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 6 are denied. By way of further response, the Defendant does not consent to the entry of final orders or judgment by this Court if it is determined that consent of the parties is required by this Court to enter final orders or judgment consistent with Article III of the United States Constitution.

## THE PARTIES

*The Liquidation Trust*

7. The averments in paragraph 7 are admitted.

8. The averments in paragraph 8 are admitted.

9. The averments in paragraph 9 are admitted.

10. The averments in paragraph 10 are admitted.

11. The averments in paragraph 11 are admitted.

12. The averments in paragraph 12 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 12 are denied.

13. The averments in paragraph 13 are admitted in part and denied in part. Defendant admits only that he has a residence in Florida. In further response, the remaining averments in paragraph 13 constitute a conclusion of law to which no response is required. To the extent a response is required, the remaining averments in paragraph 13 are denied.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

14. The averments in paragraph 14 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 14 are denied.

15. The averments in paragraph 15 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 15 are denied.

## FIRST CLAIM FOR RELIEF

**[Avoidance and Recovery of Actual Intent Fraudulent Transfers – Bankruptcy Code]**

16. Paragraphs 1 through 15 are incorporated herein by reference.

17. The averments in paragraph 17 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 17 are denied.

18. The averments in paragraph 18 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 18 are denied.

19. The averments in paragraph 19 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 19 are denied.

20. The averments in paragraph 20 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 20 are denied.

## SECOND CLAIM FOR RELIEF

**[Avoidance and Recovery of Constructive Fraudulent Transfers – Bankruptcy Code]**

21. Paragraphs 1 through 20 are incorporated herein by reference.

22. The averments in paragraph 22 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 22 are denied.

23. The averments in paragraph 23 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 23 are denied.

24. The averments in paragraph 24 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 24 are denied.

25. The averments in paragraph 25 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 25 are denied.

## THIRD CLAIM FOR RELIEF

**[Avoidance and Recovery of Actual Intent Viodable Transactions – State Law]**

26. Paragraphs 1 through 25 are incorporated herein by reference.

27. The averments in paragraph 27 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 27 are denied.

28. The averments in paragraph 28 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 28 are denied.

29. The averments in paragraph 29 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 29 are denied.

30. The averments in paragraph 30 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 30 are denied.

31. The averments in paragraph 31 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 31 are denied.

32. The averments in paragraph 32 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 32 are denied.

### FOURTH CLAIM FOR RELIEF

**[Avoidance and Recovery of Constructive Voidable Transactions – State Law]**

33. Paragraphs 1 through 32 are incorporated herein by reference.

34. The averments in paragraph 34 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 34 are denied.

35. The averments in paragraph 35 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 35 are denied.

36. The averments in paragraph 36 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 36 are denied.

37. The averments in paragraph 37 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 37 are denied.

38. The averments in paragraph 38 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 38 are denied.

39. The averments in paragraph 39 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 39 are denied.

## DEMAND FOR JURY TRIAL

The Defendant hereby demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, the Defendant requests that this case be dismissed.

## AFFIRMATIVE DEFENSES

40. Paragraphs 1 through 39 are incorporated herein by reference.

41. Plaintiff fails to state a claim upon which relief can be granted.

42. All elements of a *prima facie* case under §§ 548(a), 550(a), 551 and Cal. Civ. Code § 3439, *et seq.* are not met.

43. At all relevant times, the Debtors were solvent.

44. To the extent established in discovery, the Plaintiff's claims are subject to recoupment.

45. The Debtors received reasonably equivalent value for any payments made to the Defendant.

46. At all times relevant, the Defendant acted in good faith.

47. As discovery progresses, other defenses may become apparent or available. Defendant reserves the right to assert other defenses as they become apparent or available and to amend this Answer accordingly. No defense is being knowingly or intentionally waived.

WHEREFORE, the Defendant requests that this case be dismissed.

Respectfully submitted,

LEECH TISHMAN FUSCALDO & LAMPL, LLC

Dated: January 15, 2020

By: */s/ Gregory W. Hauswirth*
Gregory W. Hauswirth (DE Bar No.5679)
1007 North Orange Street, 4th Floor
Wilmington, DE 19801
Telephone: 302.332.7181
Facsimile: 412.227.5551
ghauswirth@leechtishman.com

*and*

Patrick W. Carothers (PA Bar No. 85721)
Daniel P. Yeomans (PA Bar No. 323449)
525 William Penn Place, 28th Floor
Pittsburgh, PA 15219
Telephone: 412-261-1600
Facsimile: 412-227-5551
pcarothers@leechtishman.com
dyeomans@leechtishman.com

*Attorneys for Defendant, Kenneth Halbert*