# **EXHIBIT C**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>                      Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (JKS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, in his capacity as Liquidating Trustee of the Woodbridge Liquidation Trust,<br><br>                      Plaintiff,<br><br>vs.<br><br>KENNETH HALBERT,<br><br>                      Defendant. | Adversary Proceeding<br>No. 19-51027 (JKS) |

## DECLARATION OF THOMAS P. JEREMIASSEN IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

I, Thomas P. Jeremiassen, pursuant to 28 U.S.C. § 1746, declare:

1. I am a Senior Managing Director of Development Specialists, Inc. ("DSI"), located at 333 S. Grand Avenue Suite 4100, Los Angeles, California 90071. Following the "Effective Date" of the *First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and Its Affiliated Debtors* (the "Plan"), DSI has been engaged to

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.

181846.1 DOCS_LA:338633.1 94811/003

provide forensic accounting and financial advisory services to the Woodbridge Wind-Down Entity LLC (the "Wind-Down Entity") and the Woodbridge Liquidation Trust (the "Trust").

2. Prior to the "Effective Date" of the Plan, I supported the Chief Restructuring Officer of WGC Independent Manager LLC, a Delaware limited liability company, which was the sole manager of Woodbridge Group of Companies, LLC, a Delaware limited liability company and an affiliate of each of the entities that were debtors and debtors in possession (each, a "Debtor" and collectively, the "Debtors") in the above-captioned jointly administered chapter 11 cases (the "Chapter 11 Cases").

3. On February 13, 2018, the Court entered an order authorizing the Debtors to retain and employ DSI as their restructuring advisor. In such capacity, I became familiar with the day-to-day operations and financial affairs of the Debtors. I was one of the individuals responsible for implementing the Debtors' wind-down and liquidation strategies and overseeing the Debtors' financial and operational affairs. I have been consistently involved in or am familiar with the Debtors' wind-down activities and the Trust's pursuit of "claw-back" actions against former investors, brokers, and others.

4. The Trust maintains the books and records, including electronic communications, formerly owned by the Debtors, and I have access to those in my capacity as financial advisor and accountant to the Trust.

5. The Debtors' records reflect that Kenneth Halbert was a lender who made short-term loans to Woodbridge in accordance with the terms of loan documentation executed by Halbert and one or more Woodbridge entities. The ledger attached to the Amended Complaint as Exhibit 1 is a true and correct copy of the ledger of transfers made by the Debtors to and from Halbert.

181846.1

6. Attached hereto as Exhibit A is a true and correct copy of a "Demand Promissory Note" between Kenneth Halbert, on the one hand, and Sturmer Pippin Investments, LLC (owner of the Owlwood Estate), on the other hand. The document includes Robert Shapiro's signature as "Manager" of Sturmer Pippin Investments, LLC.

7. Attached hereto as Exhibit B is a true and correct copy of a deed of trust between Kenneth Halbert, on the one hand, and Sturmer Pippin Investments, LLC, on the other hand. The document includes Robert Shapiro's signature as "Manager" of Sturmer Pippin Investments, LLC.

8. Attached hereto as Exhibit C is a true and correct copy of an e-mail from Robert Shapiro to, among others, Kenneth Halbert, in which Shapiro refers to Halbert as his "good friend."

9. Attached hereto as Exhibit D is a true and correct copy of an e-mail exchange between Robert Shapiro and Kenneth Halbert in which Shapiro offers Halbert's son the use, rent-free, of Shapiro's vacation home in Colorado.

10. Attached hereto as Exhibit E is a true and correct copy of an email exchange in which Shapiro tells Halbert "for you I make special price."

11. Attached hereto as Exhibits F and G are true and correct copies of email exchanges in which Halbert asks Shapiro about perceived discrepancies in the interest payments that he received on account of Woodbridge investments.

12. Attached hereto as Exhibit H is a true and correct copy of an e-mail and attachment in which Woodbridge offers Jeff Halbert (on information and belief, Halbert's son) a "finder's fee" on certain potential subsequent sales of the Owlwood Estate.

181846.1

I declare under penalty of perjury that the foregoing information is true and correct to the best of my knowledge, information and belief.

Executed on July 12, 2021

/s/ *Thomas P. Jeremisassen*
Thomas P. Jeremiassen

181846.1