# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>     Remaining Debtors.<br>―――――――――――――――――――<br>MICHAEL GOLDERBG, in his capacity as Liquidating Trustee of the WOODBRIDGE LIQUIDATION TRUST,<br><br>     Plaintiff,<br><br>v.<br><br>KENNETH HALBERT,<br><br>     Defendant.<br>――――――――――――――――――― | Chapter 11<br><br>Case No. 17-12560 (JKS)<br><br>(Jointly Administered)<br><br><br><br>Adversary Proceeding No. 19-51027 (JKS)<br><br><br><br>**Re: D.I. Nos. 53, 59, 62, 65, 72.** |

## DEFENDANT KENNETH HALBERT'S POST-ORAL ARGUMENT SUMMARY

  Kenneth Halbert ("Defendant" or "Halbert"), by and through his undersigned counsel, files the following Post-Oral Argument Summary (this "Summary"), averring as follows:

  1. On December, 1, 2019, Michael Goldberg, in his capacity as Liquidating Trustee of the Woodbridge Liquidating Trust (the "Plaintiff") filed its *Complaint for Avoidance and Recovery of Avoidable Transfers initiating this Adversary Proceeding* (the "Original Complaint") [D.I. No. 1].

  2. On January 15, 2020, Halbert filed his *Answer to Complaint* [D.I. No. 4].

  3. On July 12, 2021, Plaintiff filed its *Motion for Leave to File Amended Complaint* (the "Motion to Amend") [D.I. No. 53] and proceed to prosecute an amended complaint that it attached to the Motion to Amend (the "Amended Complaint"). The Amended Complaint

1

contained substantial new allegations and causes of action. Among other issues these new causes of action were time bared by applicable periods of limitation.

4. On August 2, 2021, Halbert filed his *Opposition of Defendant to Plaintiff's Motion for Leave to File Amended Complaint* (the "Opposition") [D.I. No. 59].

5. On August 16, 2021, Plaintiff filed its *Reply in Further Support of Motion for Leave to File Amended Complaint* (the "Reply") [D.I. No. 62].

6. On October 19, 2021, following the request of Plaintiff and Halbert, the Court held an oral argument on the Motion to Amend, the Opposition and the Reply (the "Oral Argument").

7. During the course of the Oral Argument, Plaintiff argued that certain positions advanced by Halbert during the Oral Argument were not set forth in the Opposition.

8. Halbert believes the positions taken at the Oral Argument were adequately set forth in the Opposition. However, out of an abundance of caution and to ensure that the Halbert's arguments and positions are clear, Halbert concisely recaps his position supporting his Opposition to the Motion in this Summary.

9. Courts generally consider five (5) factors in determining whether leave to amend a complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). *In re Mortg. Lenders Network, USA, Inc.*, 395, B.R. 871, 876 (Bankr. D. Del. 2008); *Cureton v. NCAA*, 252 F.3d 267, 272-273 (3d Cir. 2001). Halbert believes that 4 of the 5 factors, when considered support a denial of the Motion to Amend. Those four (4) factors are undue delay, prejudice, bad faith and futility.

10. Halbert concisely set forth each factor and articulated the factual basis he relies upon in support of each factor weighing in favor of denial of the Motion to Amend.

    a. **The Delay is Undue.**

11. Plaintiff was in possession of all facts, documents and evidence that it advances in support of the Amended Complaint at the time the Original Complaint was filed in the above-captioned adversary proceeding (the "Adversary Proceeding"), no less than twenty-nine (29) months before it filed the Motion to Amend. Plaintiff admitted this fact at the Oral Argument.

12. While Plaintiff attempted to argue that it would have been inconvenient to have explored its own records prior to filing the Original Complaint, bringing this action after the period of limitations expired and after Halbert spent over a year of time and significant money defending the Original Complaint was highly inconvenient to Halbert.

13. Plaintiff argued that if it included the allegations it raised in the Amended Complaint in the Original Complaint, Plaintiff would have needed to raise the same allegations in 600 similar actions it filed. This simply is just Plaintiff saying it did not want to review its documents at that time. In reality, Plaintiff admitted that in every other case besides the one advanced against Halbert, Plaintiff lacked support to plead allegations that give rise to the new causes of action in the Amended Complaint. To that end, it wouldn't have caused Plaintiff any issues in the other 600 cases. The evidence Plaintiff possessed only applied to one (1) case. To that end, the other 600 cases could easily have proceeded and this case could have proceeded with the allegations now included for the first time in the Amended Complaint included in the Original Complaint. Simply put, there was no justification for the delay.

   b) **The Delay is Prejudicial to Defendant.**

14. Halbert was clearly prejudiced by the undue delay. Halbert in good faith set out to defend the Original Complaint. The Original Complaint sought the return of just over $1 million in interest received by Halbert from Woodbridge Group of Companies, LLC and/or its affiliated debtors (collectively, "Debtors") on account of loans made by Halbert to

3

Debtors. Halbert raised colorable defenses to the Original Complaint, including asserting that he released liens against various properties of Debtors when he received the interest payments. In addition, certain amounts that were deemed to be interest were actual origination fees charged on the loans. There were numerous loans at issue giving rise to the interest payments and numerous properties that were used to secure the properties. Although the Adversary Proceeding was scheduled for mediation prior to discovery, Plaintiff made it clear at the first scheduled mediation that it was taking a hardline decision as to its right to recover the full $1 million dollars. To that end, Halbert was forced to expend significant time and resources to research the properties that secured the loans to establish the lien positions that existed and then the value of the properties at the time the liens were released. This was done on top of other discussions that were held with other potential witnesses and the time that was spent considering legal positions, refreshing recollections, etc. It also included preparing for and attending one (1) mediation and then preparing for and being ready to attend a second mediation before it was abruptly cancelled by Plaintiff a day prior when Plaintiff elected to file the Motion to Amend. This endeavor cost Halbert substantial amounts of time and over $30,000 in legal fees.

15.     The Amended Complaint (although disputed by Plaintiff - but confirmed by the actual Amended Complaint) seeks the recovery of over $37 million dollars. The substance of the theories advanced by the proposed amendment are highly factual in nature and the theory of recovery is much more detailed. Also, of course the monetary award the Amended Complaint seeks is astronomically greater. Had the Original Complaint contained such theories, a much different approach to the Adversary Proceeding would have been taken by Halbert. Specifically, mediation on the $1 million claim, absent discovery on the entire case, would not have been considered.

16.     As a result, the time, effort and expense incurred by Halbert defending the Original Complaint when the allegations of the Amended Complaint were fully known to Plaintiff at all times material has certainly prejudiced Halbert.

**c) The Delay is Motivated by Bad Faith.**

17.     Plaintiff's decisions to: (1) "exclude" the allegations it now raises in the Amended Complaint, notwithstanding its full knowledge of such facts; (2) proceed to prosecute its Original Complaint for no less than eighteen (18) months and cause Halbert (an individual) to defend such case in good faith; and (3) dismiss any defenses raised by Halbert to the Original Complaint on grounds that Plaintiff could assert the "excluded" allegations in a new complaint is certainly not good faith.

**d) The Amendment is Futile as it Fails to State a Claim.**

18.     The new allegations raised in the Amended Complaint are time-barred by applicable statutes of limitations.

## Conclusion

19.     For the reasons stated by Halbert in the Opposition and at the Oral Argument in this matter, and as summarized herein, Halbert requests that the Motion to Amend be denied.

*[remainder of page intentionally left blank]*

                                              Respectfully submitted,

                                              LEECH TISHMAN FUSCALDO & LAMPL, LLC

Dated: October 25, 2021
    Wilmington, Delaware            By: /s/ Gregory W. Hauswirth
                                              Gregory W. Hauswirth (DE Bar No. 5679)
                                              1007 North Orange Street, 4th Floor
                                              Wilmington, DE 19801
                                              Telephone: 302.332.7181
                                              Facsimile: 412.227.5551
                                              ghauswirth@leechtishman.com

                                              *and*

                                              Patrick W. Carothers (PA Bar No. 85721)
                                              525 William Penn Place, 28th Floor
                                              Pittsburgh, PA 15219
                                              Telephone: 412-261-1600
                                              Facsimile: 412-227-5551
                                              pcarothers@leechtishman.com

                                              *and*

                                              Robyn B. Sokol
                                              200 South Los Robles Avenue, Suite 300
                                              Pasadena, California
                                              Telephone: 626-796-4000
                                              Facsimile: 626-795-6321
                                              rsokol@leechtishman.com

                                              *Attorneys for Defendant, Kenneth Halbert*