## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1] | Case No. 17-12560 (JKS) |
| | (Jointly Administered) |
| Remaining Debtors. | |
| MICHAEL GOLDBERG, in his capacity as Liquidating Trustee of the Woodbridge Liquidation Trust, | |
| Plaintiff, | Adversary Proceeding No. 19-51027 (JKS) |
| vs. | |
| KENNETH HALBERT, | |
| Defendant. | |

### PLAINTIFF'S OBJECTION TO DEFENDANT KENNETH HALBERT'S
### *EX PARTE* MOTION FOR LEAVE TO FILE POST-ORAL ARGUMENT SUMMARY

Michael Goldberg, in his capacity as liquidating trustee (the "Trustee" or "Plaintiff") of

the Woodbridge Liquidation Trust (the "Trust"), objects to *Defendant Kenneth Halbert's Ex*

*Parte Motion for Leave to File Post-Oral Argument Summary* [Docket No. 75] (the "Ex Parte

Motion"), which seeks the Court's consideration of a *Post-Oral Argument Summary* [Docket No.

74] (the "Supplemental Submission") concerning the fully-briefed and fully-argued *Plaintiffs'*

*Motion for Leave to File Amended Complaint* [Docket No. 53] (the "Motion to Amend").[2]

---

[1]    The Remaining Debtors and the last four digits of their respective federal tax identification numbers are: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). Their mailing address is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion to Amend.  A copy of the October 19, 2021 oral argument transcript ("Tr.") is attached hereto as **Exhibit A**.

1.      Over the last three months, beginning with the filing of the Motion to Amend on July 12, 2021 and concluding with the oral argument held on October 19, 2021, the parties have submitted 232 pages of briefing and exhibits to the Court and engaged in a lengthy oral argument fully fleshing out the issues in connection with the Motion to Amend.  Under Local Rule 7007-1(b), that should be the end of the matter.

2.      Defendant, however, has filed what purports to be a "Post-Oral Argument Summary" on the asserted basis that "Plaintiff argued that certain positions advanced by Halbert during the Oral Argument were not set forth in the Opposition," and thus Defendant perceives a need to "concisely recap[] his position supporting his Opposition."  Ex Parte Motion ¶ 7.

3.      The Ex Parte Motion should be denied because each of the points made in the Supplemental Submission either: (i) have already been fully explicated,[3] or (ii) are attempts to make new arguments that were not previously made and, in any event, are either unsupported in the record, irrelevant to the outcome of the Motion to Amend, or both.

4.      As to the arguments that have been fully explicated already, the Supplemental Submission merely attempts to put a new gloss on them and thus get a second bite at the apple. For example, the Supplemental Submission argues that, because Halbert is the only net winner whose good faith the Trustee ultimately had cause to question, "it wouldn't have caused Plaintiff any issues in the other 600 cases," which "could easily have proceeded and this case [against Halbert] could have proceeded with the allegations now included for the first time in the Amended Complaint included in the Original Complaint."  Supp. Submission ¶ 13.  But the point is that at the outset of the process, the Trustee had no reason to believe that ***any*** defendant was

---

[3]    *Compare, e.g.*, Supp. Submission ¶¶ 9 (standard for amendment), 11–13 (Defendant's "class of one" argument), 17 (Defendant's "bad faith" argument), & 18 (Defendant's "futility" argument), *with* Opp'n ¶ 16 (standard), Tr. at 42:6–43:17 ("class of one"), & 45:24–46:17 ("bad faith").

acting other than in good faith.  Halbert's status as a "class of one" only became apparent later, when the Trustee uncovered damning documents revealing that Halbert knew or should have known that there were improprieties.

5.      As has been fully briefed and argued, Defendant's "class of one" argument boils down to an assertion that the Trustee ought to have put hundreds of net winners to the burden of pleading and proving their affirmative good faith (as the Trustee was entitled to do), solely on the off chance that one of them may ultimately be discovered to be a Kenneth Halbert.  Doing so would have placed a tremendous burden on hundreds of innocent net winners, vastly increased the legal fees and expenses of both the Trustee and all defendants (with a consequent reduction of funds available for settlement and the compensation of net losers), and unnecessarily created extra work for the Court in resolving matters of good faith that ought never have been in dispute. That is not what "justice so requires."  Fed. R. Civ. P. 15(a).

6.      Aside from reargument, the real purpose of the Supplemental Submission is to belatedly shore up Defendant's argument that he was prejudiced by the passage of time between the filing of the Original Complaint in December 2019 and the filing of the Motion to Amend in July 2021.  The sum total of the Opposition's argument on this "prejudicial delay" point is that it is more difficult to defend a $37 million lawsuit than it is to defend a $1 million lawsuit.  *See* Opp'n ¶¶ 23–24.  But, as set out in the Reply and as discussed at length during argument, that is not the type of prejudice that Rule 15 and the Third Circuit cases interpreting it – such as *Cureton v. National Collegiate Athletic Association*, 252 F.3d 267, 273 (3d Cir. 2001), and *Dole v. Arco Chemical Co.*, 921 F.2d 484, 488 (3d Cir. 1990) – are concerned with.  *See* Reply ¶ 14; Tr. at 26:9–27:13, 28:3–20, & 56:5–18.

7.      The relevant inquiry with respect to prejudicial delay is whether Halbert has made a "showing" that he "was unfairly disadvantaged or deprived of the opportunity to present facts or evidence ***which [he] would have offered had the amendments been timely***." Dole, 921 F.2d at 488 (emphasis added; internal quotation marks and ellipses omitted). In other words, it is the "delay" itself that must be a "prejudicial to the opposing party" in order to defeat a motion for leave to amend. *Cureton*, 252 F.3d at 273. Here, Halbert has made no such assertion – let alone a "showing," *Dole*, 921 F.2d at 488, in the form of a declaration or other actual evidence – because he has not alleged that he is any differently situated in having to confront the allegations in the Amended Complaint now (in 2021) than he would have been had those same allegations been present in the Original Complaint (in December 2019). There is no assertion, for example, that witnesses or evidence that would have been available had the Amended Complaint been filed in December 2019 are now no longer available.

8.      Recognizing this fatal deficiency in his prejudicial delay argument, Defendant's counsel at oral argument first attempted to conflate the Rule 15(c) relation back inquiry (which resolves whether the Amended Complaint is within the statute of limitations) with the Rule 15(a) "when justice so requires" inquiry. Tr. at 43:18–25; *cf*. Tr. at 59:13–60:3 (pointing out the conflation of Rule 15(a) and Rule 15(c)). When the Court asked a question on that point, *id*. at 44:1–3, counsel shifted gears and argued that Defendant "had to spend a fair amount of money pursuing his defense rights" vis-à-vis the Original Complaint by searching real property records and the like, *see id*. at 44:16–45:3. It was this never-before-raised argument that prompted Plaintiff's counsel's remark that "we're hearing a slightly different argument than we heard in the opposition brief, especially with respect to prejudice," *id*. at 54:6–9, and it is this argument that the Supplemental Submission attempts to expand upon. *See* Supp. Submission ¶¶ 14 & 16.

4

9.      In addition to the fact that Defendant never argued this point in his Opposition and even now belatedly offers no evidence whatsoever of actual work done or funds expended in mounting a defense to the Original Complaint, the dispositive fact is this:  Every allegation made in the Original Complaint – and every dollar of interest sought to be recovered in the Original Complaint – is *still* at issue in the Amended Complaint, which seeks to recover exactly the same interest payments as did the Original Complaint.  The only difference is that the Amended Complaint now *also* seeks to recover principal repayments (each of which is admittedly tied to its corresponding interest payments).[4]  Thus, whatever work Defendant did (whether by way of searches in the land records, meetings with witnesses, or otherwise) will be just as applicable to his defense of the Amended Complaint as it was to his defense of the Original Complaint.[5]

10.     In sum, to the extent the Supplemental Submission merely reargues points that have already been briefed and argued, it is improper reargument.  And to the extent the Supplemental Submission tries to inject new arguments or alleged facts (with no evidentiary basis), those arguments and alleged facts ought to have been raised previously (and with admissible evidence).  They are, nonetheless, entirely irrelevant to the Court's disposition of the Motion to Amend.  The Ex Parte Motion should be denied.[6]

---

[4]   *Cf.* Tr. at 39:7–40:2 (Defendant's counsel, admitting in response to the Court's question, "Do you disagree that … the amended claims involve the same transactions and investments as the original complaint?", that there is an "overlap in the dollar amounts that we have there" and "you're looking at the same dollars … that are coming in and out," *i.e.*, "the same transactions from a dollar perspective …."); *cf. also* Reply ¶ 25 (describing how "certain of the now-challenged principal repayments at issue in the Amended Complaint were transferred to Halbert as part of a single wire transaction that also included payments of interest").

[5]   To be clear, Plaintiff cannot see how any land title searches would be applicable to or useful in connection with the allegations in either the Original Complaint or the Amended Complaint.  But to the extent they were useful at all, they are no less useful now, as all the same interest payments challenged in the Original Complaint are still challenged in the Amended Complaint.

[6]   The Supplemental Submission continues the tactic taken at oral argument of airing publicly (Defendant's version of) what happened during mediation.  *See* Supp. Submission ¶ 14; *see also* Tr. at 45:4–10, 46:2–17.  Nothing that Defendant asserts or reveals is relevant to the Motion to Amend, but as a frequent participant in the

5

WHEREFORE, the Trustee respectfully requests that the Court deny the Ex Parte Motion.

Dated:    October 29, 2021                    PACHULSKI STANG ZIEHL & JONES LLP
          Wilmington, Delaware

                                             */s/ Colin R. Robinson*
                                             Richard M. Pachulski (CA Bar No. 90073)
                                             Andrew W. Caine (CA Bar No. 110345)
                                             Bradford J. Sandler (DE Bar No. 4142)
                                             Jason S. Pomerantz (CA Bar No. 157216)
                                             Colin R. Robinson (DE Bar No. 5524)
                                             919 North Market Street, 17th Floor
                                             P.O. Box 8705
                                             Wilmington, Delaware 19899 (Courier 19801)
                                             Tel.:    (302) 652-4100
                                             Fax:    (302) 652-4400
                                             Email: rpachulski@pszjlaw.com
                                                     acaine@pszjlaw.com
                                                     bsandler@pszjlaw.com
                                                     jpomerantz@pszjlaw.com
                                                     crobinson@pszjlaw.com

                                             -and-

                                             KTBS LAW LLP
                                             *f/k/a Klee, Tuchin, Bogdanoff & Stern LLP*
                                             Kenneth N. Klee (*pro hac vice*)
                                             Michael L. Tuchin (*pro hac vice*)
                                             David A. Fidler (*pro hac vice*)
                                             Robert J. Pfister (*pro hac vice*)
                                             Jonathan M. Weiss (*pro hac vice*)
                                             1801 Century Park East, 26th Floor
                                             Los Angeles, California 90067
                                             Tel:    (310) 407-4000
                                             Fax:    (310) 407-9090

                                             *Counsel for the Plaintiff*

---

mediation process, the Trustee is constrained to once again reiterate (consistent with counsel's comments during oral argument, *see* Tr. at 55:7–56:4), that under this Court's rules "the participants in mediation are prohibited from divulging, outside of the mediation, any oral or written information disclosed by the parties … in the course of the mediation." Local Rule 9019-5(d). The Supplemental Submission violates this rule.