# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (JKS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, in his capacity as Liquidating Trustee of the Woodbridge Liquidation Trust,<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH HALBERT,<br><br>Defendant. | Adversary Proceeding<br>No. 19-51027 (JKS) |

## PLAINTIFF'S RESPONSE TO DEFENDANT
## KENNETH HALBERT'S POST-ORAL ARGUMENT SUMMARY

Consistent with the Court's *Order* [Docket No. 79] on *Defendant Kenneth Halbert's Ex Parte Motion for Leave to File Post-Oral Argument Summary* [Docket No. 75] (the "Ex Parte Motion"), Plaintiff responds to Defendant's *Post-Oral Argument Summary* [Docket No. 74] (the "Supplemental Submission") by incorporating *Plaintiff's Objection to Defendant Kenneth Halbert's Ex Parte Motion for Leave to File Post-Oral Argument Summary* [Docket No. 77] (the "Objection to Ex Parte Motion"),[2] and further states as follows:

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). Their mailing address is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Objection to Ex Parte Motion, to which is attached a copy of the October 19, 2021 oral argument transcript ("Tr.").

1. At the outset of the oral argument on Plaintiff's Motion to Amend, the Court inquired "whether the *Cureton* standard applies to this contested matter; and, assuming so, which of those factors are at issue from your client's perspective." Tr. at 4:17–20 (referencing *Cureton v. NCAA*, 252 F.3d 267 (3d Cir. 2001)). Both parties agree that *Cureton* governs, *see id.* at 7:1–19 & 40:14–50:8, and thus that the question for the Court on the Motion to Amend is whether "plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party." *Cureton*, 252 F.3d at 273 (internal citations omitted).[3]

2. These three relevant factors – undue delay, bad faith, and prejudicial delay – are absent from this record:

3. ***No Undue Delay***: The law is clear that "delay alone is an insufficient ground to deny leave to amend." *Cureton*, 252 F.3d at 273. *See also id.* ("The mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay."). The question is whether the time that elapsed between the filing of the Original Complaint and the filing of the Motion to Amend and its proposed Amended Complaint is "undue" – that is, "unwarranted or inappropriate because excessive or disproportionate."[4] It is a fact-specific inquiry committed to this Court's sound discretion.

4. Here, the Trustee had the undisputed right to sue each and every net winner in the Woodbridge Ponzi scheme to set aside every transfer received, whether as principal repayments or fictitious interest. Doing so would have forced hundreds of defendants to plead and prove their good faith as an affirmative defense, at great expense in party and judicial resources. The

---

[3] There is no contention that "the movant fail[ed] to provide a draft amended complaint" or that the proposed amendment "fails to state a cause of action." *Id.* *See* Tr. at 53:13–18 & 49:23–50:1.

[4] *See* <www.lb7.uscourts.gov/documents/17-529URL1undue.pdf> (definition of undue in English by Oxford Dictionaries).

Trustee did not do so, and instead sued only to recover fictitious interest.  But then, in the course of litigating hundreds of such actions, the Trustee uncovered evidence strongly suggesting the absence of good faith on the part of one (and only one) defendant – Kenneth Halbert.  That evidence, which Defendant's counsel agreed at oral argument "probably was a bit of a needle in a haystack," Tr. at 41:18, prompted the Motion to Amend.  There is nothing unwarranted or inappropriate about that sequence and timing of events.  Allowing amendment here is fully consistent with what "justice so requires."  Fed. R. Civ. P. 15(a).

5. *No Bad Faith*:  Defendant's bad faith argument centers on an inappropriate discussion of what happened at mediation.  *See* Obj. to Ex Parte Mot. ¶ 10 n.6.  Paragraph 4 of the Court's *Order* [Docket No. 79] enforces Local Rule 9019-5(d) by deeming this inappropriate discussion stricken.  All that remains is a bare assertion that the Motion to Amend is "based solely on purported facts that have been in Plaintiff's possession for years and was only filed after the parties failed to find an amicable resolution of the Complaint."  Opp'n ¶ 27.  Nothing in that assertion suggests bad faith.  "The fact that the Motion to Amend was filed after mediation was unsuccessful is an unremarkable instance of litigation resuming when mediation reaches an impasse."  Reply ¶ 20.

6. *No Prejudicial Delay*:  The entirety of Defendant's argument on prejudicial delay in his Opposition to the Motion to Amend is that it is more difficult to defend a $37 million lawsuit than it is to defend a $1 million lawsuit.  *See* Opp'n ¶¶ 23–24.  That argument fails because it is not the right type of prejudice.  Instead, what is required is a "showing" that Defendant "was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which [he] would have offered had the amendments been timely."  *Dole v. Arco Chemical Co.*, 921 F.2d 484, 488 (3d Cir. 1990) (internal quotation marks and ellipses omitted).

3

Defendant has made no showing that he is any differently situated in confronting the allegations in the Amended Complaint now (in 2021) than he would have been had those same allegations been present in the Original Complaint (in December 2019).  This type of prejudice might exist if, for example, evidence that would have been available if the Amended Complaint had been filed in December 2019 is now no longer available given the passage of time.  No such arguments have been advanced, and certainly no such evidence has been presented.

7. At oral argument, counsel attempted to articulate a new prejudice argument by claiming that Defendant "had to spend a fair amount of money pursuing his defense rights" in connection with the Original Complaint, Tr. at 44:16–45:3, and thus will be prejudiced if the Original Complaint is superseded by the Amended Complaint.  The Supplemental Submission attempts to shore up that point.  *See* Supp. Submission ¶¶ 14 & 16.  But Defendant has offered no evidence of actual work done or funds expended in mounting a defense to the Original Complaint that will not also apply to the Amended Complaint – which, after all, continues to seek recovery of every dollar of fictitious interest at issue in the Original Complaint, while also seeking the recovery of additional dollars in the form of principal repayments.  Any work that was useful before is just as useful now.

8. Nor have any pertinent deadlines or case milestones (such as close of fact or expert discovery, dispositive motion practice, or trial preparation) passed.  Instead, by express agreement of the parties, all litigation of the Adversary Proceeding was stayed pending mediation efforts.  *See* Scheduling Order ¶¶ 5–8.  Doing so allowed the parties to focus on mediation rather than litigation, which has often proven to be a better use of party and judicial resources.  The fact that mediation was not successful here does not change the fact that mediation is a required step in these types of adversary proceedings, *see* Local Rule 9019-5(a),

and that having taken advantage of the voluntary stay of litigation pending such mediation efforts, Defendant has no basis to claim that too much time has elapsed in the litigation for amended pleadings. *Cf.* Reply ¶ 8 ("From a case management perspective, the 19 months that elapsed between the filing of the Original Complaint and the filing of the Motion to Amend is not functionally or practically different from 19 weeks or even 19 days.").

9. Finally, counsel's assertion at oral argument that Defendant is prejudiced because "the statute of limitations has expired in the interim time period," Tr. at 44:13–14, conflates the Rule 15(a) inquiry (whether leave should be granted to file an amended pleading) with the Rule 15(c) inquiry (whether a filed amended pleading relates back for statute of limitations purposes). The argument is also circular in that it assumes its conclusion – that the amended pleading is time-barred – when in fact Defendant all but conceded at oral argument that the Rule 15(c) standard (same "conduct, transaction, or occurrence") is satisfied.[5] And concession or no concession, there can be no serious dispute that the Amended Complaint's claims to avoid and recover principal repayments "ar[i]se out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the [Original Complaint]." Fed. R. Civ. P. 15(c)(1)(B). Interest and principal are inextricably intertwined.

\*    \*    \*

10. For all the reasons summarized above and set out in detail in prior briefing and argument, there has been no delay that is "undue, motivated by bad faith, or prejudicial to the opposing party." *Cureton*, 252 F.3d at 273. The Trustee respectfully requests that the Court grant the Motion to Amend.

---

[5] *See* Tr. at 39:7–40:2 (Defendant's counsel, admitting in response to the Court's question, "Do you disagree that … the amended claims involve the same transactions and investments as the original complaint?", that there is an "overlap in the dollar amounts that we have there" and "you're looking at the same dollars … that are coming in and out," *i.e.*, "the same transactions from a dollar perspective ….").

| | |
|---|---|
| Dated: November 16, 2021<br>Wilmington, Delaware | PACHULSKI STANG ZIEHL & JONES LLP<br><br>*/s/ Colin R. Robinson*<br>Richard M. Pachulski (CA Bar No. 90073)<br>Andrew W. Caine (CA Bar No. 110345)<br>Bradford J. Sandler (DE Bar No. 4142)<br>Jason S. Pomerantz (CA Bar No. 157216)<br>Colin R. Robinson (DE Bar No. 5524)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19899 (Courier 19801)<br>Tel.:   (302) 652-4100<br>Fax:   (302) 652-4400<br>Email: rpachulski@pszjlaw.com<br>           acaine@pszjlaw.com<br>           bsandler@pszjlaw.com<br>           jpomerantz@pszjlaw.com<br>           crobinson@pszjlaw.com<br><br>-and-<br><br>KTBS LAW LLP<br>*f/k/a Klee, Tuchin, Bogdanoff & Stern LLP*<br>Kenneth N. Klee (*pro hac vice*)<br>Michael L. Tuchin (*pro hac vice*)<br>David A. Fidler (*pro hac vice*)<br>Robert J. Pfister (*pro hac vice*)<br>Jonathan M. Weiss (*pro hac vice*)<br>1801 Century Park East, 26th Floor<br>Los Angeles, California 90067<br>Tel:   (310) 407-4000<br>Fax:   (310) 407-9090<br><br>*Counsel for the Plaintiffs* |