**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, | ) |
| LLC, *et al.,*[1] | ) Case No. 17-12560 (BLS) |
| | ) |
| Remaining Debtors. | ) (Jointly Administered) |
| _____ | ) |
| | ) |
| MICHAEL GOLDBERG, in his capacity as | ) |
| Liquidating Trustee of the WOODBRIDGE | ) Adversary Proceeding No. 19-51027 (BLS) |
| LIQUIDATION TRUST, | ) |
| | ) |
| Plaintiff, | ) JURY TRIAL DEMANDED |
| | ) |
| v. | ) |
| | ) |
| KENNETH HALBERT | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR AVOIDANCE AND**
**RECOVERY OF AVOIDABLE TRANSFERS**

Kenneth Halbert (the "Defendant"), through his undersigned counsel, files the following Answer

to Amended Complaint for Avoidance and Recovery of Avoidable Transfers (the "Amended Complaint")

averring as follows:

**NATURE OF THE ACTION**

1.      The Defendant is without sufficient information to admit or deny the averments in

paragraph 1.  To the extent a response is required, the averments in paragraph 1 are denied.

2.      The Defendant is without sufficient information to admit or deny the averments in

paragraph 2.  To the extent a response is required, the averments in paragraph 2 are denied.

3.      The Defendant is without sufficient information to admit or deny the averments in

paragraph 3.  To the extent a response is required, the averments in paragraph 3 are denied.

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification number are as follows:
Woodbridge Group of Companies, LLC (3606) and Woodbridge Mortgage Investment Fund I, LLC (0172).  The
Remaining Debtors' mailing address is 14140 Ventura Boulevard, #302, Sherman Oaks, California 91423.

4.      The Defendant is without sufficient information to admit or deny the averments in paragraph 4.  To the extent a response is required, the averments in paragraph 4 are denied.

5.      The Defendant is without sufficient information to admit or deny the averments in paragraph 5.  To the extent a response is required, the averments in paragraph 5 are denied.

## JURISDICTION AND VENUE

6.      The averments in paragraph 6 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 6 are denied.  By way of further response, the Defendant does not consent to the entry of final orders or judgment by this Court if it is determined that consent of the parties is required by this Court to enter final orders or judgment consistent with Article III of the United States Constitution.

## THE PARTIES

### *The Liquidation Trust*

7.      The averments in paragraph 7 are admitted.

8.      The averments in paragraph 8 are admitted.

9.      The averments in paragraph 9 are admitted.

10.      The averments in paragraph 10 are admitted.

11.      The averments in paragraph 11 are admitted.

12.      The averments in paragraph 12 are admitted.

13.      The averments in paragraph 13 are admitted in part and denied in part.  Defendant admits only that he has a residence in Florida.  In further response, the remaining averments in paragraph 13 constitute a conclusion of law to which no response is required.  To the extent a response is required, the remaining averments in paragraph 13 are denied.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

14.      The allegations in paragraph 14 are too vague and ambiguous to permit a response as the language, "private lender" and "short term loans" are undefined and lack any supporting identifying information.  However, by way of further answer, Defendant admits that he made loans to Woodbridge

prior to the date of the bankruptcy filing pursuant to various loan agreements.  The averments relating to alleged "security interests" constitute a conclusion of law to which no response is required and, to the extent a response is required, the averment is denied.

15.     To the extent the allegations of paragraph 15 states that the Trust "owns and maintains the Debtors' books and records," this averment constitutes a conclusion of law to which no response is required.  To the extent the allegations of paragraph 15 seek to paraphrase or characterize the contents of any written documents, the documents speak for themselves, and Defendant denies the allegations to the extent they are inconsistent with those documents.

16.     The averments in paragraph 16 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 16 are denied.  By way of further response, to the extent the allegations of paragraph 16 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent they are inconsistent with that document.

17.     The averments in paragraph 17 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 17 are denied.  By way of further response, to the extent the allegations of paragraph 17 seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent they are inconsistent with that document

18.     The Defendant is without sufficient information to admit or deny the averments in paragraph 18.  To the extent a response is required, the averments in paragraph 18 are denied.

19.     Denied.

20.     The Defendant is without sufficient information to admit or deny the averments in paragraph 20.  To the extent a response is required, the averments in paragraph 20 are denied.

21.     The Defendant is without sufficient information to admit or deny the averments in paragraph 21.  To the extent a response is required, the averments in paragraph 21 are denied.

22.    The Defendant is without sufficient information to admit or deny the averments in paragraph 22.  To the extent a response is required, the averments in paragraph 22 are denied.

### **FIRST CLAIM FOR RELIEF**

**[Avoidance and Recovery of Actual Intent Fraudulent Transfers – Bankruptcy Code]**

23.    Paragraphs 1 through 22 are incorporated herein by reference.

24.    The averments in paragraph 24 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 24 are denied.

25.    The averments in paragraph 25 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 25 are denied.

26.    The averments in paragraph 26 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 26 are denied.

27.    The averments in paragraph 27 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 27 are denied.

### **SECOND CLAIM FOR RELIEF**

**[Avoidance and Recovery of Constructive Fraudulent Transfers – Bankruptcy Code]**

28.    Paragraphs 1 through 27 are incorporated herein by reference.

29.    The averments in paragraph 29 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 29 are denied.

30.    The averments in paragraph 30 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 30 are denied.

31.    The averments in paragraph 31 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 31 are denied.

32.    The averments in paragraph 32 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 32 are denied.

**THIRD CLAIM FOR RELIEF**

**[Avoidance and Recovery of Actual Intent Voidable Transactions – State Law]**

33.     Paragraphs 1 through 32 are incorporated herein by reference.

34.     The averments in paragraph 34 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 34 are denied.

35.     The averments in paragraph 35 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 35 are denied.

36.     The averments in paragraph 36 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 36 are denied.

37.     The averments in paragraph 37 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 37 are denied.

38.     The averments in paragraph 38 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 38 are denied.

39.     The averments in paragraph 39 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 39 are denied.

**FOURTH CLAIM FOR RELIEF**

**[Avoidance and Recovery of Constructive Voidable Transactions – State Law]**

40.     Paragraphs 1 through 39 are incorporated herein by reference.

41.     The averments in paragraph 41 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 41 are denied.

42.     The averments in paragraph 42 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 42 are denied.

43.     The averments in paragraph 43 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 43 are denied.

44.     The averments in paragraph 44 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 44 are denied.

45.     The averments in paragraph 45 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 45 are denied.

46.     The averments in paragraph 46 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 46 are denied.

## DEMAND FOR JURY TRIAL

The Defendant hereby demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, the Defendant requests that this case be dismissed.

## AFFIRMATIVE DEFENSES

47.     Paragraphs 1 through 46 are incorporated herein by reference.

48.     Plaintiff fails to state a claim upon which relief can be granted.

49.     All elements of a *prima facie* case under §§ 547, 548, 550 and 502(d) and (j) are not met.

50.     At all relevant times, the Debtors were solvent.

51.     To the extent established in discovery, the Plaintiff's claims are subject to recoupment.

52.     The Debtors received reasonably equivalent value for any payments made to the Defendant.

53.     At all times relevant, the Defendant acted in good faith.

54.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

55.     As discovery progresses, other defenses may become apparent or available.  Defendant reserves the right to assert other defenses as they become apparent or available and to amend this Answer accordingly.  No defense is being knowingly or intentionally waived.

56.     Assuming, without conceding, that all of the elements of a *prima facie* case under 11 U.S.C. § 547(b) can be met, any and all transfers that the Defendant received are immune from avoidance by virtue of 11 U.S.C. § 547(c).

57.     To the extent established in discovery, the process issued is insufficient.

58.     To the extent established in discovery, the service of process is insufficient.

WHEREFORE, the Defendant requests that this case be dismissed.

Respectfully submitted,

CAROTHERS & HAUSWIRTH, LLP

Dated:  December 22, 2021

By: */s/ Gregory W. Hauswirth*
Gregory W. Hauswirth (DE Bar No. 5679)
1007 North Orange Street, 4th Floor
Wilmington, DE  19801
Telephone:  302.332.7181
Facsimile:  412.910.7510
ghauswirth@ch-legal.com

*and*

Patrick W. Carothers (PA Bar No. 85721)
Foster Plaza 10, 680 Andersen Drive, Suite 230
Pittsburgh, PA  15220
Telephone:  412.950.7549
Facsimile:  412.910.7510
pcarothers@ch-legal.com

*Attorneys for Defendant, Kenneth Halbert*