**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1] | ) Case No. 17-12560 (JKS) |
| | ) |
| | ) (Jointly Administered) |
| | ) |
| Remaining Debtors. | ) |
| | ) |
| MICHAEL GOLDBERG, in his capacity as Liquidating Trustee of the WOODBRIDGE LIQUIDATION TRUST, | ) Adversary Proceeding No. 19-51027 (JKS) |
| | ) |
| | ) JURY TRIAL DEMANDED |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KENNETH HALBERT, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF INTENT TO SERVE SUBPOENA TO PRODUCE DOCUMENTS

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 45(a), made applicable to this matter by Federal Rule of Bankruptcy Procedure 9016, counsel for plaintiff Michael Goldberg, in his capacity as Liquidating Trustee of the Woodbridge Liquidation Trust, intends to serve the attached subpoena upon Jeffrey Halbert to produce the documents described in Exhibit A to the subpoena.

---

[1] The Remaining Debtors and the last four digits of their federal tax identification number are as follows: Woodbridge Group of Companies, LLC (3606) and Woodbridge Mortgage Investment Fund I, LLC (0172). The Remaining Debtors' mailing address is 201 N. Brand Blvd., Suite M, Glendale, California 91203.

| | |
|---|---|
| DATED: April 15, 2022<br>Wilmington, Delaware | PACHULSKI STANG ZIEHL & JONES LLP |

*/s/ Colin R. Robinson*
Richard M. Pachulski (CA Bar No. 90073)
Andrew W. Caine (CA Bar No. 110345)
Bradford J. Sandler (DE Bar No. 4142)
Jason S. Pomerantz (CA Bar No. 157216)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Tel.: (302) 652-4100
Fax: (302) 652-4400
Email: rpachulski@pszjlaw.com
acaine@pszjlaw.com
bsandler@pszjlaw.com
jspomerantz@pszjlaw.com
crobinson@pszjlaw.com

-and-

KTBS LAW LLP
*f/k/a Klee, Tuchin, Bogdanoff & Stern LLP*
Kenneth N. Klee (*pro hac vice*)
Michael L. Tuchin (*pro hac vice*)
David A. Fidler (*pro hac vice*)
Robert J. Pfister (*pro hac vice*)
1801 Century Park East, 26th Floor
Los Angeles, California 90067
Tel: (310) 407-4000
Fax: (310) 407-9090

*Counsel for the Plaintiff*

**<u>Exhibit 1 - Subpoena to Jeffrey Halbert</u>**

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of __Delaware__

In re __Woodbridge Group of Companies, LLC__
Debtor

*(Complete if issued in an adversary proceeding)*

__Michael Goldberg, in his capacity as Trustee__
Plaintiff

v.

__Kenneth Halbert__
Defendant

Case No. __17-12560 (JKS)__

Chapter __11__

Adv. Proc. No. __19-51027 (JKS)__

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Jeffrey Halbert__

*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| KTBS Law LLP, 1801 Century Park E., 26th Floor, Los Angeles, CA 90067 | 05/16/22     9:00 am (or such other date and time as the parties may mutually agree upon) |

The deposition will be recorded by this method: __Court reporter and videotape.__

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
__See Exhibit A__

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __4/15/2022__

CLERK OF COURT

OR

_____         __/s/ Colin R. Robinson__
Signature of Clerk or Deputy Clerk              Attorney's signature

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Michael Goldberg, Trustee__, who issues or requests this subpoena, are: __Colin Robinson, Pachulski Stang Ziehl & Jones LLP 919 N. Market St., 17th Fl., P.O. Box 8705, Wilmington, DE 19899; crobinson@pszjlaw.com; 302-652-4100__

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


  I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

 *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

 *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**Exhibit A to Subpoena**

**Definitions**

For purposes hereof, the following definitions shall apply:

1. "Adversary Proceeding" means the action styled *Goldberg v. Halbert*, Adv. Proc. No. 19-51027 (JKS), pending in the United States Bankruptcy Court for the District of Delaware.

2. "Answer" means the *Defendant's Answer to Amended Complaint [Etc.]* [Docket No. 87] filed on December 22, 2021 in the Adversary Proceeding.

3. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether written, electronic, or oral and, with respect to oral communications, includes any Document evidencing the date, participants, subject matter, and content of any such oral communication, including transcripts, minutes, notes, recordings, calendar entries, and the like.

4. "Complaint" means the *Amended Complaint for Avoidance and Recovery of Avoidable Transfers* [Docket No. 85] filed on December 7, 2021 in the Adversary Proceeding.

5. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

6. "Defendant" means Kenneth Halbert, the defendant in the Adversary Proceeding.

7. "Document(s)" is meant as broadly as possible and includes, without limitation, any writings, recordings, correspondence, messages, memoranda, electronic files and emails, photographs, datasets, spreadsheets, charts, lists, reports, schedules, projections, information, all "documents or electronically stored information" referenced in FRCP 34(a)(1)(A), and all other data, whether recorded by electronic or other means, and all drafts thereof.  A draft or non-identical copy is a separate Document within the meaning of this term.

8. "FRCP" means the Federal Rules of Civil Procedure.

9. "Request" means each of the specific document requests set out below.

10. "Woodbridge Entities" means, collectively, Woodbridge Group of Companies, LLC and its 305 affiliated debtors in the above-captioned jointly-administered bankruptcy cases, styled *In re Woodbridge Group of Companies, LLC*, et al., No. 17-12560 (Bankr. D. Del). A list of the Woodbridge Entities is included as Annex A hereto.

11. "Woodbridge Entity" means any single one of the Woodbridge Entities.

12. "You" and "Your" means Jeffrey Halbert, an individual, and any of his agents, servants, employees, attorneys, and other persons who are in active concert or participation with the foregoing.

**Instructions**

1. You are to respond to each Request separately, and not by reference to or incorporation of Your answer to any other Request.

2. If a Request incorporates a collective term (such as, for example, the "Debtors") and your response to that Request would vary as between different constituent parts of that collective term (for example, a fact might be admitted if the request for admission had been limited to one particular Debtor but denied if the request for admission had been limited to a different particular Debtor), then you must separately answer that Request as to each specific constituent part of the collective term.

3. If You object to any Request, state the objection in the manner prescribed by the FRCP but nevertheless answer the Request subject to the objection that You have stated.

4. If You contend that any Request calls for any information that is subject to the attorney-client privilege, work-product protection, or any other legal privilege or protection, provide the specific grounds on which You are asserting such privilege or protection, on whose behalf the privilege or protection exists, and each Person whom You know or believe has

knowledge of such information. If You withhold production of any Document on the basis of a privilege or protection, You must describe the Document and the basis for Your claim of privilege with sufficient particularity to permit an evaluation of the claim that the Document may be withheld from production.

5.     If You are unable to answer fully any Request, answer to the extent possible, and provide whatever information is in Your possession, custody or control concerning any unanswered portion.

6.     As appropriate, the singular form of a word shall be interpreted in the plural, or vice versa; verb tenses shall be interpreted to include past, present and future tenses; the terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any information that might otherwise be construed as outside their scope; and words in the masculine, feminine, or neuter form include the others.

7.     Unless stated otherwise, these Requests shall cover the time period from the beginning of time to the present. In addition, the Requests shall be deemed continuing in nature. If You become aware of or acquire additional information responsive to or otherwise Concerning any of the following Requests, You shall promptly supplement Your responses.

### Requests for Production of Documents

**REQUEST NO. 1:** All contracts and agreements between You and any Woodbridge Entity (including, but not limited to, Sturmer Pippin Investments, LLC) that have ever been in effect.

**REQUEST NO. 2:** All Documents and Communications Concerning any and all contracts and agreements between You and any Woodbridge Entity (including, but not limited to, Sturmer Pippin Investments, LLC).

**REQUEST NO. 3:** All Documents and Communications Concerning that certain *Non-Exclusive Finder's Fee Agreement* dated April 8, 2016 between You and Sturmer Pippin Investments, LLC.

**REQUEST NO. 4:** All Documents and Communications Concerning any amounts paid to You by any Woodbridge Entity.

**REQUEST NO. 5:** All Communications between You and Robert Shapiro.

**REQUEST NO. 6:** all Communications between You and anyone regarding Robert Shapiro or any Woodbridge Entity.

**REQUEST NO. 7:** All Communications between You and any employee, agent, or representative of a Woodbridge Entity.

**REQUEST NO. 8:** All Document and Communications Concerning any "Referral Agreements" or other business ventures between You and any Woodbridge Entity or any employee, agent, or representative of a Woodbridge Entity.

**REQUEST NO. 8:** All Communications between You and Defendant Concerning any Woodbridge Entity (including, but not limited to, Communications Concerning any investment in or loan to any Woodbridge Entity) that took place at any time from the beginning of time to the present.

**REQUEST NO. 9:** All Documents and Communications Concerning the use by You, any of Your relatives (including but not limited to Your parents or siblings), or any other person invited by You, of a home or other property owned or controlled by Robert Shapiro or any Woodbridge Entity.

**Appendix - Affiliates of Woodbridge Group of Companies**

215 North 12th Street, LLC
H31 Addison Park Holding Company, LLC
Addison Park Investments, LLC
Carbondale Glen Sweetgrass Vista, LLC
M11 Anchorpoint Holding Company, LLC
Anchorpoint Investments, LLC
H32 Arborvitae Holding Company, LLC
Carbondale Spruce 101, LLC
Carbondale Sundance Lot 15, LLC
Carbondale Sundance Lot 16, LLC
M53 Castle Pines Holding Company, LLC
Arborvitae Investments, LLC
M26 Archivolt Holding Company, LLC
Archivolt Investments, LLC
H2 Arlington Ridge Holding Company, LLC
Arlington Ridge Investments, LLC
M19 Arrowpoint Holdings Company, LLC
Arrowpoint Investments, LLC
H58 Baleroy Holding Company, LLC
Baleroy Investments, LLC
Castle Pines Investments, LLC
Silverthorne Investments, LLC
M25 Centershot Holding Company, LLC
M36 Springline Holding Company, LLC
Springline Investments, LLC
Centershot Investments, LLC
M76 Chaplin Holding Company, LLC
M49 Squaretop Holding Company, LLC
Squaretop Investments, LLC
H24 Stayman Holding Company, LLC
H13 Bay Village Holding Company, LLC
Chaplin Investments, LLC
M10 Gateshead Holding Company, LLC
Stayman Investments, LLC
M79 Chestnut Company, LLC
M86 Steele Hill Holding Company, LLC
Gateshead Investments, LLC
Steele Hill Investments, LLC
M85 Glenn Rich Holding Company, LLC
Basswood Holding, LLC
M5 Stepstone Holding Company, LLC
Glenn Rich Investments, LLC
Chestnut Investments, LLC
Bay Village Investments, LLC
M93 Goose Rocks Holding Company, LLC
Stepstone Investments, LLC

H15 Bear Brook Holding Company, LLC
H5 Chestnut Ridge Holding, LLC
H9 Strawberry Fields Holding Company, LLC
Bear Brook Investments, LLC
Goose Rocks Investments, LLC
H46 Beech Creek Holding Company, LLC
Strawberry Fields Investments, LLC
Chestnut Ridge Investments, LLC
M68 Goosebrook Holding Company, LLC
Beech Creek Investments, LLC
Goosebrook Investments, LLC
M45 Clover Basin Holding Company, LLC
H70 Bishop White Holding Company, LLC
H68 Graeme Park Holding Company, LLC
Clover Basin Investments, LLC
Graeme Park Investments, LLC
Bishop White Investments, LLC
M51 Coffee Creek Holding Company, LLC
H36 Sturmer Pippin Holding Company, LLC
H61 Grand Midway Holding Company, LLC
Coffee Creek Investments, LLC
Grand Midway Investments, LLC
Sturmer Pippin Investments, LLC
H26 Gravenstein Holding Company, LLC
H21 Summerfree Holding Company, LLC
Gravenstein Investments, LLC
H56 Craven Holding Company, LLC
H44 Green Gables Holding Company, LLC
Summerfree Investments, LLC
Craven Investments, LLC
Green Gables Investments, LLC
H47 Summit Cut Holding Company, LLC
H53 Black Bass Holding Company, LLC
Summit Cut Investments, LLC
Black Bass Investments, LLC
H27 Grenadier Holding Company, LLC
Grenadier Investments, LLC
H65 Thornbury Farm Holding Company, LLC
M14 Crossbeam Holding Company, LLC
H41 Grumblethorpe Holding Company, LLC
H28 Black Locust Holding Company, LLC
Black Locust Investments, LLC
Grumblethorpe Investments, LLC
Crossbeam Investments, LLC
Thornbury Farm Investments, LLC
M87 Hackmatack Hills Holding Company, LLC

Hackmatack Investments, LLC
M60 Thunder Basin Holding Company, LLC
M63 Crowfield Holding Company, LLC
M56 Haffenburg Holding Company, LLC
Thunder Basin Investments, LLC
M90 Merrimack Valley Holding Company, LLC
Haffenburg Investments, LLC
Crowfield Investments, LLC
H39 Haralson Holding Company, LLC
M37 Topchord Holding Company, LLC
Haralson Investments, LLC
Topchord Investments, LLC
Merrimack Valley Investments, LLC
Crystal Valley Holdings, LLC
Harringworth Holding Company, LLC
M61 Mineola Holding Company, LLC
Harringworth Investments, LLC
M48 Vallecito Holding Company, LLC
M92 Crystal Woods Holding Company, LLC
M80 Hazelpoint Holding Company, LLC
Mineola Investments, LLC
Hazelpoint Investments, LLC
Vallecito Investments, LLC
Crystal Woods Investments, LLC
H66 Heilbron Manor Holding Company, LLC
H16 Monadnock Holding Company, LLC
Cuco Settlement, LLC
M74 Varga Holding Company, LLC
Heilbron Manor Investments, LLC
Monadnock Investments, LLC
M72 Daleville Holding Company, LLC
Hollyline Holdings, LLC
Varga Investments, LLC
H60 Moravian Holding Company, LLC
Daleville Investments, LLC
Hollyline Owners, LLC
M50 Wetterhorn Holding Company, LLC
Moravian Investments, LLC
H35 Hornbeam Holding Company, LLC
M39 Derbyshire Holding Company, LLC
Wetterhorn Investments, LLC
Hornbeam Investments, LLC
M67 Mountain Spring Holding Company, LLC
Derbyshire Investments, LLC
H37 Idared Holding Company, LLC
Mountain Spring Investments, LLC

H12 White Birch Holding Company, LLC
H76 Diamond Cove Holding Company, LLC
Idared Investments, LLC
White Birch Investments, LLC
M83 Mt. Holly Holding Company, LLC
H74 Imperial Aly Holding Company, LLC
Diamond Cove Investments, LLC
M43 White Dome Holding Company, LLC
Mt. Holly Investments, LLC
Imperial Aly Investments, LLC
White Dome Investments, LLC
M99 Ironsides Holding Company, LLC
H38 Mutsu Holding Company, LLC
H14 Dixville Notch Holding Company, LLC
Whiteacre Funding, LLC
Ironsides Investments, LLC
H20 Bluff Point Holding Company, LLC
Dixville Notch Investments, LLC
H43 Lenni Heights Holding Company, LLC
M44 Wildernest Holding Company, LLC
Mutsu Investments, LLC
Lenni Heights Investments, LLC
H7 Dogwood Valley Holding Company, LLC
Bluff Point Investments, LLC
Wildernest Investments, LLC
H6 Lilac Meadow Holding Company, LLC
H49 Bowman Holding Company, LLC
M91 Newville Holding Company, LLC
Dogwood Valley Investments, LLC
Lilac Meadow Investments, LLC
H52 Willow Grove Holding Company, LLC
M17 Lincolnshire Holding Company, LLC
M32 Dollis Brook Holding Company, LLC
Willow Grove Investments, LLC
Lincolnshire Investments, LLC
Newville Investments, LLC
Dollis Brook Investments, LLC
M94 Winding Road Holding Company, LLC
M54 Lonetree Holding Company, LLC
H51 Old Carbon Holding Company, LLC
Winding Road Investments, LLC
Lonetree Investments, LLC
M9 Donnington Holding Company, LLC
M40 Longbourn Holding Company, LLC
Old Carbon Investments, LLC
Donnington Investments, LLC

WMF Management, LLC
Longbourn Investments, LLC
H55 Old Maitland Holding Company, LLC
M73 Mason Run Holding Company, LLC
M15 Doubleleaf Holding Company, LLC
Woodbridge Capital Investments, LLC
Mason Run Investments, LLC
Old Maitland Investments, LLC
Bowman Investments, LLC
Woodbridge Commercial Bridge Loan Fund 1, LLC
Doubleleaf Investments, LLC
H8 Melody Lane Holding Company, LLC
Melody Lane Investments, LLC
Woodbridge Commercial Bridge Loan Fund 2, LLC
M46 Owl Ridge Holding Company, LLC
M27 Brise Soleil Holding Company, LLC
Woodbridge Investments, LLC
Brise Soleil Investments, LLC
Owl Ridge Investments, LLC
M22 Drawspan Holding Company, LLC
Woodbridge Mezzanine Fund 1, LLC
H40 Bramley Holding Company, LLC
Drawspan Investments, LLC
Woodbridge Mortgage Investment Fund 1, LLC
Bramley Investments, LLC
H22 Papirovka Holding Company, LLC
M71 Eldredge Holding Company, LLC
Woodbridge Mortgage Investment Fund 2, LLC
M28 Broadsands Holding Company, LLC
Papirovka Investments, LLC
Eldredge Investments, LLC
Woodbridge Mortgage Investment Fund 3, LLC
Broadsands Investments, LLC
H4 Pawtuckaway Holding Company, LLC
H25 Elstar Holding Company, LLC
Woodbridge Mortgage Investment Fund 3A, LLC
M29 Brynderwen Holding Company, LLC
Elstar Investments, LLC
Pawtuckaway Investments, LLC
Woodbridge Mortgage Investment Fund 4, LLC
H19 Emerald Lake Holding Company, LLC
Woodbridge Structured Funding, LLC
M38 Pemberley Holding Company, LLC
Emerald Lake Investments, LLC
H29 Zestar Holding Company, LLC
Pemberley Investments, LLC

M24 Fieldpoint Holding Company, LLC
Zestar Investments, LLC
Brynderwen Investments, LLC
Fieldpoint Investments, LLC
M13 Cablestay Holding Company, LLC
M88 Franconia Notch Holding Company, LLC
Franconia Notch Investments, LLC
Cablestay Investments, LLC
H17 Pemigewasset Holding Company, LLC
Pemigewasset Investments, LLC
M31 Cannington Holding Company, LLC
M95 Pepperwood Holding Company, LLC
Cannington Investments, LLC
Pepperwood Investments, LLC
Carbondale Doocy, LLC
M70 Pinney Holding Company, LLC
Carbondale Glen Lot A-5, LLC
Pinney Investments, LLC
Carbondale Glen Lot D-22, LLC
H23 Pinova Holding Company, LLC
Carbondale Glen Lot E-24, LLC
Pinova Investments, LLC
Carbondale Glen Lot GV-13, LLC
M34 Quarterpost Holding Company, LLC
Carbondale Glen Lot SD-23, LLC
Quarterpost Investments, LLC
Carbondale Glen Lot SD-14, LLC
M57 Ridgecrest Holding Company, LLC
Carbondale Glen Mesa Lot 19, LLC
Carbondale Glen River Mesa, LLC
Ridgecrest Investments, LLC
Carbondale Glen Sundance Ponds, LLC
M97 Red Woods Holding Company, LLC
Red Woods Investments, LLC
M75 Riley Creek Holding Company, LLC
Riley Creek Investments, LLC
H59 Rising Sun Holding Company, LLC
Rising Sun Investments, LLC
M62 Sagebrook Holding Company, LLC
Sagebrook Investments, LLC
H54 Seven Stars Holding Company, LLC
Seven Stars Investments, LLC
H11 Silk City Holding Company, LLC
Silk City Investments, LLC
H30 Silver Maple Holding Company, LLC
Silver Maple Investments, LLC

Silverleaf Funding, LLC
M41 Silverthorne Holding Company, LLC
Woodbridge Group of Companies, LLC
Carbondale Glen Lot L-2, LLC
Carbondale Peaks Lot L-1
H18 Massabesic Holding Company, LLC
H33 Hawthorn Holding Company, LLC
H50 Sachs Bridge Holding Company, LLC
H64 Pennhurst Holding Company, LLC
Hawthorn Investments, LLC
Lilac Valley Investments, LLC
Massabesic Investments, LLC
M58 Springvale Holding Company, LLC
M96 Lilac Valley Holding Company, LLC
Pennhurst Investments, LLC
Sachs Bridge Investments, LLC
Springvale Investments, LLC
Bellflower Funding, LLC
Wall 123, LLC
695 Buggy Circle, LLC
Blazingstar Funding, LLC
Buggy Circle Holdings, LLC
Deerfield Park Investments, LLC
H10 Deerfield Park Holding Company, LLC
Kirkstead Investments, LLC
M16 Kirkstead Holding Company, LLC
Frog Rock Investments, LLC
M77 Frog Rock Holding Company, LLC
M89 Mount Washington Holding Company, LLC
Mount Washington Investments, LLC