# EXHIBIT 1 TO ORDER

## Stipulation

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,<br><br>Remaining Debtors.[1] | Chapter 11<br><br>Case No. 17-12560 (JKS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, in his capacity as Liquidating Trustee of the WOODBRIDGE LIQUIDATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH HALBERT,<br><br>Defendant. | Adversary Proceeding<br>No. 19-51027 (JKS) |

## CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

Plaintiff Michael Goldberg (the "Trustee"), in his capacity as Liquidation Trustee of the Woodbridge Liquidation Trust (the "Trust"), and defendant Kenneth Halbert ("Defendant" and, together with the Trustee, the "Parties" and each a "Party"), by and through their respective counsel, hereby agree and stipulate, pursuant to Federal Rule of Civil Procedure 26(c), that the following Confidentiality Agreement and Stipulated Protective Order (this "Stipulation") shall govern the disclosure, handling, and use of documents, testimony taken at depositions and transcripts thereof, deposition exhibits, interrogatory responses, admissions, and any other information and material produced or disclosed, whether voluntarily or in response to a request

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 201 N. Brand Blvd., Suite M, Glendale, California 91203.

made pursuant to the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure, in discovery in the above-captioned adversary proceeding (the "Action").

    1.    As used in this Stipulation, the terms identified in this Paragraph are defined as follows:

    a.    "Attorneys" means current and former counsel of record, including attorneys and staff at their law firms;

    b.    "Confidential Information" means any information of any type, kind or character that is designated as "Confidential" in the Action by any of the producing or receiving Parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise;

    c.    "Discovery Material" means any information contained in documents, testimony taken at depositions and transcripts thereof, deposition exhibits, interrogatory responses, responses to requests for admissions, and any other information or material produced, given, or exchanged in this Action, regardless of the medium or manner generated, stored, or maintained;

    d.    "Outside Vendors" means consultants or entities retained by outside counsel to assist or serve as jury consultants, translators, interpreters, graphic artists or document/information consultants, messenger, copy, coding, and other clerical-services vendors not employed by a Party or its Attorneys; and

    e.    "Written Assurance" or "Undertaking" means an executed document in the form attached as Exhibit A.

    2.    A Party may designate Discovery Material as "Confidential" to protect information within the scope of Federal Rule of Civil Procedure 26(c). A Party may designate Discovery Material as "Confidential" if that material contains or may contain information of a confidential or sensitive nature, including but not limited to, nonpublic personal, financial, proprietary, customer, or client information; commercially sensitive information; trade secrets; product research or development; or information that is entitled to confidential treatment under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, applicable laws, or regulations (including information that is subject to U.S. or foreign privacy, data protection, or

secrecy laws). Extracts, summaries, compilations, notes, electronic images, and descriptions of Confidential Information shall be treated as "Confidential" in accordance with the provisions of this Stipulation to the same extent as Confidential Information.

3. All Discovery Material shall be used by the Party receiving such Discovery Material solely for the purpose of this Action. Any other use is prohibited. No person receiving Discovery Material containing Confidential Information shall, directly or indirectly, use, transfer, disclose, or communicate in any way the Confidential Information or its contents to any person other than those specified in this Paragraph. Access to Confidential Information shall be limited to:

   a. the Court and its staff;

   b. Attorneys, their law firms, and their Outside Vendors;

   c. all persons who are employees, agents, trustees, officers, or directors of a Party and who are involved in this Action;

   d. Upon signing the Undertaking, a third-party witness or deponent who an Attorney is preparing for testimony or any witness appearing for a deposition or a trial;

   e. Upon signing the Undertaking, outside experts or consultants retained or in good faith proposed to be retained for the purpose of assisting Attorneys in the prosecution or defense of this Action or testifying at trial and their secretarial, clerical, and other supporting personnel, to the extent deemed necessary in good faith by the retaining counsel to enable a consultant or expert to evaluate the proposed retention and/or provide such assistance or testimony;

   f. Persons shown on the face of the document to have authored or received it;

   g. Court reporters retained to transcribe testimony;

   h. Upon signing the Undertaking, any mediator, arbitrator, or other person engaged for the purpose of alternative dispute resolution.

4. Third parties providing Discovery Material in the course of this Action may also designate the materials produced as "Confidential" subject to the same protections and constraints

as the Parties to the Action. If any Party serves a third-party subpoena after the date of execution of this Stipulation, such subpoena shall be accompanied by a copy of this Stipulation.

5. Nothing in this Stipulation shall be construed to require the disclosure of information, documents, or things protected from disclosure by the attorney-client privilege, the attorney-work product immunity, the joint defense privilege, or any other applicable privilege or immunity. A producing Party may produce a redacted version of information, documents, or things that it contends is protected from disclosure by the attorney-client privilege, the attorney-work product immunity, the joint defense privilege, or any other applicable privilege or immunity.

6. In the event that a Party produces information, documents, or things that are protected from disclosure under the attorney-client privilege, work-product immunity, the joint defense privilege, or any other applicable privilege or immunity, such production will be deemed inadvertent and shall not prejudice such claim or otherwise constitute a waiver of any claim of attorney-client privilege, work-product immunity, the joint defense privilege, or any other applicable privilege or immunity. The failure to take reasonable steps to prevent disclosure in response to requests for production of documents in this Action shall not give rise to a waiver of the privilege or immunity.

7. A producing Party may at any time notify the receiving Party of an inadvertent production in writing and request that the inadvertently produced information, documents, or things be returned to the producing Party. Within seven (7) business days of receiving such notice and request, the receiving Party shall return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the information if the Party disclosed it before being notified. The receiving Party may challenge the claim of privilege or immunity asserted by the producing Party

upon notification to the producing Party and to the Court only after the receiving Party has returned the inadvertently produced document to the producing Party, with the exception that the receiving Party may retain one copy of such material for the purpose of submitting such material to the Court for *in camera* review.  The receiving Party shall also destroy summaries of, notes relating to, and extracts, and/or data derived from any such inadvertently or mistakenly produced information, immediately if no challenge is made to the privilege claim by the receiving Party, or upon resolution by the Court of any challenge in favor of the Producing Party.

8. Any Party who inadvertently fails to identify Discovery Material as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated Discovery Material. Any Party receiving such improperly-designated Discovery Material shall retrieve such Discovery Material from persons not entitled to receive the Discovery Material and, upon receipt of the substitute Discovery Material, shall return or destroy the improperly-designated Discovery Material.

9. This Stipulation shall not prevent any Party from using Confidential Information in any affidavit, brief, memoranda of law, or other papers filed with the Court.  However, the Party using Confidential Information must attempt to provisionally seal such Documents in order to provide the producing Party an opportunity to be heard on whether such information shall be permanently sealed, unless otherwise agreed to by the Parties.

10. Any Party may request a change in the designation of any information designated "Confidential." Any such information shall be treated as originally designated unless and until the change is completed.  The Parties shall promptly meet and confer to attempt to resolve the disputed designation.  If the requested change in designation is not agreed to, the Party seeking the change may move the Court for appropriate relief after providing reasonable notice to any third party

whose designation of material as "Confidential" in the Action may be affected. Nothing in this paragraph relieves the party designating material as "Confidential" from reviewing that material before so designating it. Furthermore, the Party asserting that the material is "Confidential" shall have the burden of proving that the information in question is within the scope of protection afforded by Federal Rules of Civil Procedure 26(c).

11. Unless the Parties otherwise agree, within ninety (90) days of the termination of this Action, including any appeals, each Party shall either destroy or return to the producing Party all Discovery Material designated by the producing Party as "Confidential" and all copies of such Discovery Material, and shall destroy all extracts and/or data derived from such Discovery Material. Each Party shall provide a certification as to such return or destruction within the ninety (90)-day period. However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with this Action and original documents in the Parties' possession prior to this Action.

12. Any Party may apply to the Court for a modification of this Stipulation and nothing in this Stipulation shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

13. No act taken in accordance with this Stipulation shall be construed as a waiver of any claim or defense in the Action or of any position as to discoverability, relevance, or admissibility of evidence.

14. Nothing in this Stipulation shall restrict the use or disclosure by any Party of its own Confidential Information.

15. In the event any person, Party, witness, or entity violates or threatens to violate the terms of this Stipulation during the period of time the Court has jurisdiction over this Action, the Parties agree that the aggrieved Party may immediately apply to the Court to obtain injunctive relief, or any other appropriate relief, against any such violation or threatened violation. If the violation or threatened violation occurs after the Action is terminated, the aggrieved Party can seek any appropriate remedies permitted under the law, including, without limitation, injunctive relief, in any court of competent jurisdiction.

16. This Stipulation shall become effective and binding as a stipulation between the Parties immediately upon its execution. After both Parties have executed this Stipulation, the Trustee shall file, under certification of counsel, a request for entry of an order approving this Stipulation. For the avoidance of doubt, this Stipulation shall be effective and binding as a stipulation between the Parties during the interim period between its execution and entry of an order approving this Stipulation.

| | |
|---|---|
| DATED: May 23, 2022 | PACHULSKI STANG ZIEHL & JONES LLP |

        */s/ Colin R. Robinson*
Richard M. Pachulski (CA Bar No. 90073)
Andrew W. Caine (CA Bar No. 110345)
Bradford J. Sandler (DE Bar No. 4142)
Jason S. Pomerantz (CA Bar No. 157216)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Tel.: (302) 652-4100
Fax: (302) 652-4400
Email: rpachulski@pszjlaw.com
acaine@pszjlaw.com
bsandler@pszjlaw.com
jpomerantz@pszjlaw.com
crobinson@pszjlaw.com

-and-

KTBS LAW LLP
*f/k/a Klee, Tuchin, Bogdanoff & Stern LLP*
Kenneth N. Klee (*pro hac vice*)
Michael L. Tuchin (*pro hac vice*)
David A. Fidler (*pro hac vice*)
Robert J. Pfister (*pro hac vice*)
1801 Century Park East, 26th Floor
Los Angeles, California 90067
Tel: (310) 407-4000
Fax: (310) 407-9090

*Counsel for the Trustee*

- 8 -

DATED:    May 23, 2022				WHITE AND WILLIAMS LLP

					*/s/ Agatha C. Mingos*
					Rochelle L. Gumapac (DE Bar No. 4866)
					Agatha C. Mingos (DE Bar No. 5642)
					600 N. King Street, Suite 800
					Wilmington, Delaware 19801
					Telephone: (302) 467- 4531
					gumapacr@whiteandwilliams.com
					mingosa@whiteandwilliams.com

					and

					Heidi J. Sorvino (*pro hac vice pending*)
					James Vandermark (*pro hac vice pending*)
					7 Times Square, Suite 2900
					New York, New York 10036
					sorvinoh@whiteandwilliams.com
					vandermarkj@whiteandwilliams.com

					*Counsel for Defendant Kenneth Halbert*

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*, | : : : | Case No. 17-12560 (JKS) |
| Remaining Debtors. | : : | (Jointly Administered) |
| | : : | |
| MICHAEL GOLDBERG, in his capacity as Liquidating Trustee of the WOODBRIDGE LIQUIDATION TRUST, | : : : : : | |
| Plaintiff, | : : | Adversary Proceeding No. 19-51027 (JKS) |
| v. | : : | |
| KENNETH HALBERT, | : : : | |
| Defendant. | : : : | |

**WRITTEN ASSURANCE FOR CONFIDENTIALITY STIPULATION**

1. I, _____, acknowledge that I have read and fully understand the terms of the Confidentiality Agreement and Stipulated Protective Order (the "Stipulation") filed in Adversary Proceeding No. 19-51027 (JKS), pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. I agree to comply with and be bound by the obligations and conditions of the Stipulation.

3. I further agree to maintain as confidential all the Discovery Material designated "Confidential" obtained pursuant to the Stipulation, or the contents of such Discovery Material, to any person other than those specifically authorized by the Stipulation. I shall not copy or use such Discovery Material except for the purposes of this Action and pursuant to the Stipulation.

4. As soon as practical, but no later than thirty (30) days after final termination of this Action, I further agree to return any and all Discovery Material designated "Confidential" and all copies, excerpts, summaries, notes, digests, abstracts, and indices related to such Discovery Material, disclosed to me pursuant to the Stipulation to the attorney from whom I have received such Confidential Information.

      5.      In addition, I hereby submit to the jurisdiction of the Bankruptcy Court for the purpose of any proceedings relating to the performance under, compliance with or violation of the Stipulation.

DATED: _____      BY: _____
                                                                                                                                       Signature

#94157346v3