

**Rochelle Gumapac**

600 N. King Street, Suite 800 | Wilmington, DE 19801
Direct 302.467.4531 | Fax 302.467.4559
gumapacr@whiteandwilliams.com | whiteandwilliams.com

June 24, 2022

**VIA CM/ECF AND HAND DELIVERY**

The Honorable J. Kate Stickles
824 North Market Street
3rd Floor, Courtroom 7
Wilmington, Delaware 19801

    RE:    Goldberg v. Halbert, Adv. No. 19-51027 (JKS) (Bankr. D. Del.)

Dear Judge Stickles:

We represent the Defendant, Kenneth Halbert ("**Mr. Halbert**") in this case and write in opposition to the Plaintiff, Michael Goldberg's ("**Plaintiff**") recent letter to the Court dated June 22, 2022.

### *Relevant Background*

We were substituted into this case on March 7, 2022. Upon substitution as counsel for Mr. Halbert, we reached out to Plaintiff's counsel to request a teleconference and to further request a sixty (60) day extension of discovery deadlines. Mr. Halbert's discovery responses to Plaintiff's First Set of Requests for Production of Documents, First Set of Interrogatories, and First Set of Requests for Admission (collectively "Plaintiffs Discovery Requests") were initially due on March 16, 2022. Plaintiff refused to provide the requested 60-day extension and instead stipulated to a thirty (30) day extension.[1]

As new counsel for Mr. Halbert, we faced an uphill battle. First, we needed to retrieve the documents from Mr. Halbert's prior counsel's possession which was not an easy task. Second, we

---

[1] Specifically, counsel for the Plaintiff stated in relevant part: "The Trustee, a very patient man, is not prepared to agree to extend discovery beyond 30 days. He has been involved every step of the way and has serious doubts that your client will ever settle this matter. As such, he wants to accommodate you, as new counsel, but does not want the Trust to be strung along any more than absolutely necessary in getting to trial. If the Court grants you a 60-day extension over the Trust's objection, the Court will at least know of the Trust's frustration and suspicions that your client's true motive here is delay." A true and correct copy of that email is attached hereto as **Exhibit A**.

Connecticut | Delaware | Massachusetts | New Jersey | New York | Pennsylvania | Rhode Island
29077859v.1

needed to familiarize ourselves with the key issues in the case. Third we needed to immediately issue Mr. Halbert's discovery requests and provide responses to the Plaintiff's Discovery Requests.

We strongly disagree with the Plaintiff's recitation and understanding of the procedural posture of this case with regards to the discovery events that have transpired.

Frankly, we have been absolutely flabbergasted by the Plaintiff's unwillingness to cooperate in setting realistic discovery deadlines and in turn arbitrarily extending significant deadlines for himself.[2] Plaintiff continues to impose an unrealistic arbitrary framework upon Mr. Halbert, but then seeks to excuse Plaintiff's delay in discovery and hold himself to a separate set of rules.

Plaintiff should not be considered an exception to the rules. Mr. Halbert simply requests a fair exchange of discovery and for the rules of the Court to apply equally in all respects to both parties. Mr. Halbert has done everything in his power to comply with the rules of this Court and the Trustee's arbitrary framework which he seeks to strongarm Mr. Halbert into accepting.

The Plaintiff has been involved with this case every step of the way. He initially filed the original Complaint on December 1, 2019 seeking to hold Mr. Halbert responsible for alleged two-year transfers in the amount of $596,408.07 and the Four-Year Transfers in the amount of $1,082,175.31. The Original Complaint attached an itemized listing of transfers as Exhibit A ("Original Complaint Alleged Transfers").

After mediation, Plaintiff determined that filing an Amended Complaint for significantly more alleged damages was warranted. On December 7, 2021, several years after the original complaint, the Plaintiff filed the Amended Complaint. Plaintiff now seeks the following alleged damages from Mr. Halbert: (1) "Two Year Transfers" in the amount of $19,627,500.00; (2) "Two Year Net Winnings Transfers" in the amount of $596,408.07; (3) "Four Year Transfers" in the amount of $37,318,500.00; (4) "Four Year Net Winnings Transfer" in the amount of $1,106,175.31. The Amended Complaint contained a new itemized listing as Exhibit 1 ("Amended Alleged Transfers").

### *Relevant Legal Precedent*

Plaintiff is misguided in his interpretation of the Ponzi Scheme Presumption. It is well settled that to utilize the Ponzi Scheme Presumption to establish fraudulent intent as to a challenged transfer, the trustee must show that the transfer was in furtherance of the Ponzi scheme. *Bear Sterns Secs. Corp. v. Gredd (In re Manhattan Inv. Fund Ltd.)*, 397 B.R. 1, 11 (S.D.N.Y. 2007) (noting that the court must determine "whether the transfers at issue were related to a Ponzi scheme" before it can apply the Ponzi presumption); *In re Pearlman*, 440 B.R. 569, 575 (Bankr. M.D. Fla. 2010) ("To rely on the Ponzi scheme presumption, the trustee must allege the debtors' loan repayments were somehow in furtherance of either the EISA Program or the TCTS Stock Program Ponzi schemes.").

---

[2] We outlined our concerns as they pertain to the Trustee's delays and deficient document production in our May 31, 2022 letter and June 13, 2022 letter, and incorporate those concerns herein. See D.I. 107, Exhibit G-H. In our responsive letters to the Plaintiff, we further refuted the Plaintiff's allegations that Mr. Halbert's responses are deficient.

*See also Bayou Superfund, LLC v. WAM Long/Short Fund II, LP (In re Bayou Grp., LLC)*, 362 B.R. 624, 638 (Bankr. S.D.N.Y. 2007) ("the [c]ourt must focus precisely on the specific transaction or transfer sought to be avoided in order to determine whether that transaction falls within the statutory parameters of [an actually fraudulent transfer])."

The Ponzi Scheme Presumption requires the trustee to prove two elements to utilize the presumption: (1) that the debtor was operating a Ponzi scheme, and (2) that the challenged transfer was in furtherance of the scheme. *Zazzali v. AFA Fin. Group, LLC (In re DBSI, Inc.),* 477 B.R. 504, 511 (Bankr. D. Del. 2012).

Mr. Halbert was a good faith lender that primarily provided short term loans to the Debtors. The Amended Alleged Transfers were not in furtherance of the scheme and the Plaintiff seeks to blame his inability to meet the elements of the Ponzi Scheme Presumption on Mr. Halbert. The discovery process thus far has demonstrated that the Trustee is unable to meet his burden to establish that the Ponzi Scheme Presumption applies with respect to the loans that were made by Mr. Halbert to the Debtors. This does not equate to Mr. Halbert's discovery responses being considered deficient, and the Court should not further entertain the Plaintiff's erroneous characterization as they pertain to Mr. Halbert's discovery responses.

### *Mr. Halbert's Discovery Responses*

Contrary the Plaintiff's representations to the Court: (i) Mr. Halbert has cooperated in good faith through discovery in this case and has fully answered the interrogatories propounded against him in good faith; (ii) Mr. Halbert responded in good faith to the Requests for Admissions propounded against him by the Plaintiff; (iii) Mr. Halbert produced all documents that he had within his position that were available to him, and has since made extensive efforts to search for any additional email communications.

### *Interrogatory Responses*

The Plaintiff seeks to label Mr. Halbert's discovery responses as deficient simply because he is dissatisfied with the verbiage. The Plaintiff's exercise of extracting small segments from Mr. Halbert's Responses represents a mischaracterization of the responses. A clear reading of each Interrogatory response demonstrates that Mr. Halbert fully responded to each request. We refer the Court to each of the full responses for purposes of conducting a proper analysis should the Court entertain the Plaintiff's misguided allegations. See D.I. 107, Exhibit A.

Notably, Plaintiff does not cite to any legal rule or precedent to support his theory that Mr. Halbert's responses are deficient. Mr. Halbert's discovery production and responses support that he acted in good faith. This does not make the responses deficient. Similarly, simply because Mr. Halbert's discovery responses refute the Plaintiff's frivolous allegations contained in the Amended Complaint does not qualify them as deficient. Plaintiff's dissatisfaction that discovery supports that Mr. Halbert did in fact act in good faith should not be further entertained as a discovery dispute.

### *Requests for Admission Responses*

The Plaintiff's attempt to impose his burden on Mr. Halbert is wholly improper. As outlined above, the Trustee must establish in this case that the Amended Alleged Transfers were in furtherance of the Ponzi Scheme. The Trustee seeks to force Mr. Halbert to admit to erroneous legal conclusions to establish his legal burden of establishing the Ponzi Scheme Presumption.

The Plaintiff argues that Mr. Halbert should simply look at his bank statements to determine whether the Amended Alleged Transfers itemized on Exhibit 1 to the Amended Complaint are accurate. It is not so simple. The Plaintiff is seeking to have Mr. Halbert conduct a forensic accounting of the Amended Alleged Transfers from the Debtor, a task which appears the Trustee is unable to complete himself. The Plaintiff has provided no documentary support to establish the Amended Alleged Transfers, and yet he seeks to have Mr. Halbert conduct this accounting for him by attempting to intimidate him into admission. As a reminder, the Plaintiff withheld the requested DSI records from Mr. Halbert until June 21, 2022, even though his deadline to produce those documents was May 11, 2022.

As Plaintiff correctly notes, Mr. Halbert responded to the Requests for Admission 5-7, 10 by admitting only that Mr. Halbert received certain payments in connection with the loans he made to the Woodbridge Entities. For each of these requests, Mr. Halbert further responded by conveying that he is still in the process of investigating the payments allegedly received by the Defendant.

As evidenced by Mr. Halbert's response to Request No. 10, he correctly denied the Plaintiff's assertion that he held no valid lien, mortgage, or security interest. The Plaintiff appears dissatisfied by this because it does not support his allegations in the Amended Complaint. This does not equate to Mr. Halbert's response being characterized as deficient.

> **REQUEST NO. 10.** Admit that, during the Four-Year Period, You held no valid lien, mortgage or security interest on or in any property of any Woodbridge Entity.
> **RESPONSE: Denied. During the Four-Year Period, the Defendant held valid liens, mortgages and/or security interests in the property of the Woodbridge Entities.**

Mr. Halbert properly noted that he is in the process of investigating the payments allegedly received during the Plaintiff's subjectively defined time periods. It is not Mr. Halbert's burden to establish the itemized Amended Alleged Transfers attached as exhibit 1 to the Plaintiff's Amended Complaint (which differ from Exhibit A of the Original Complaint).

### *Defendant's Document Production*

As reiterated several times to the Plaintiff, the Defendant performed a reasonable search of his AOL email account ([kenforgot@aol.com](kenforgot@aol.com)) for purposes of capturing communications and documents responsive to the Plaintiff's Discovery Requests. The Defendant produced all non-privileged documents that were yielded by this search. Defendant has also produced copies of any relevant non-privileged documents that he had within his possession. In response to the Plaintiff's May 26, 2022 letter and June 6, 2022 letter, the Defendant has undertaken to perform additional

searches, to capture any additional communications and documents from his AOL email account. Specifically, the Defendant has installed an application and technology software called SyStools to facilitate the additional searches and is exploring options with a third-party vendor to retrieve any additional emails from his AOL account. Defendant is using SyStools to facilitate downloading any additional responsive communications and documents from his email account kenforgot@aol.com, during the requisite discoverable time frame of December 4, 2013 to December 4, 2017.

## *Conclusion*

The Plaintiff's allegations that Mr. Halbert's discovery responses are deficient because he is dissatisfied should not be further entertained. Central to each of the Plaintiff's arguments is the underlying issue that the parties cannot agree to a realistic framework of deadlines to properly conduct discovery in this case, and to allow for the proper flow of discovery. A realistic framework for the discovery deadlines would moot each of the Plaintiff's allegations raised in his June 22, 2022 letter to the Court. The Plaintiff continues to impose an unrealistic arbitrary framework upon Mr. Halbert, but then seeks to excuse Plaintiff's delays in discovery and hold himself to a separate set of rules. Plaintiff should not be considered an exception to the rules. Mr. Halbert simply requests a fair exchange of discovery and for the rules of the court to apply equally in all respects to both parties. Mr. Halbert has done everything in his power to comply with the rules of this court and with the Trustee's arbitrary framework.

We urge the Court to impose a realistic framework of discovery deadlines for both parties in this case to avoid unnecessary time and expense in having the parties continue to argue over discovery extensions, which have left Mr. Halbert at the mercy of the Plaintiff's whims.

Respectfully submitted,

WHITE AND WILLIAMS LLP

*Rochelle Gumapac*

Rochelle L. Gumapac (#4866)

cc: Michael Tuchin (mtuchin@ktbslaw.com)
      Samuel Kidder (skidder@ktbslaw.com)
      Jason Pomerantz (jspomerantz@pszjlaw.com)
      Colin Robinson (crobinson@pszjlaw.com)
      Agatha C. Mingos (Mingosa@whiteandwilliams.com)
      Heidi Sorvino (sorvinoh@whiteandwilliams.com)
      James Vandermark (vandermarkj@whiteandwilliams.com)