**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, et al.,[1]<br><br>                            Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (JKS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, in his capacity as Liquidating Trustee of the WOODBRIDGE LIQUIDATION TRUST,<br><br>                            Plaintiff,<br><br>                            vs.<br><br>KENNETH HALBERT,<br><br>                            Defendant. | Adversary Proceeding<br><br>No. 19-51027 (JKS)<br><br><br><br>**Re: Docket Nos. 23, 95** |

## AMENDED SCHEDULING ORDER

WHEREAS, on December 1, 2019, Michael Goldberg, in his capacity as Liquidating Trustee of the Woodbridge Liquidation Trust (the "Trustee" or "Plaintiff"), filed his *Complaint for Avoidance and Recovery of Avoidable Transfers* [Adv. D.I. 1] (the "Original Complaint") against Kenneth Halbert ("Halbert" or "Defendant," and together with the Trustee, the "Parties"), commencing the above-captioned adversary proceeding (the "Adversary Proceeding");

WHEREAS, on September 4, 2020, the Court entered the *Scheduling Order* [Adv. D.I. 23] (the "Original Scheduling Order") establishing certain dates and deadlines in the Adversary Proceeding;

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 201 N. Brand Blvd., Suite M, Glendale, California 91203.

WHEREAS, on December 7, 2021, following motion practice [Adv. D.I. 53, 59, 62, 74, 81] and the Court's ruling thereon [Adv. D.I. 83, 84], the Trustee filed his *Amended Complaint for Avoidance and Recovery of Avoidable Transfers* [Adv. D.I. 85] (the "Amended Complaint"), which superseded the Original Complaint;

WHEREAS, on December 22, 2021, Defendant filed his *Answer to Amended Complaint for Avoidance and Recovery of Avoidable Transfers* [Adv. D.I. 87];

WHEREAS, on February 9, 2022, the *Mediator's Certificate of Completion* [Adv. D.I. 89] was filed, concluding the mediation and triggering certain dates in the Original Scheduling Order;

WHEREAS, on or about March 7, 2022, Defendant replaced his counsel in the Adversary Proceeding, and replacement counsel filed the *Notice of Substitution of Counsel* [Adv. D.I. 91];

WHEREAS, on March 18, 2022, the Court approved the Parties' *Stipulation to Amend Discovery Deadlines* [Adv. D.I. 95] (the "Stipulated Order"), pursuant to which certain dates and deadlines set forth in the Original Scheduling Order were amended by agreement of the Parties to accommodate replacement counsel;

WHEREAS, on July 12, 2022, following letter motions concerning discovery matters [Adv. D.I. 107, 108] and the Court's ruling thereon [Adv. D.I. 116], the Court entered the *Order Regarding Discovery Dispute* [Adv. D.I. 116] (the "Discovery Order"), pursuant to which all dates and deadlines set forth in the Original Scheduling Order and the Stipulated Order were suspended pending the Parties' negotiation of a new schedule; and

WHEREAS, the Parties have met and conferred and have agreed on the revised schedule set forth herein;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1.   All fact discovery shall be completed no later than November 18, 2022.

2. Any expert report required pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) shall be served by the party that bears the burden of proof for that issue, not including any report by Plaintiff on insolvency of the Debtors, no later than December 2, 2022.

3. If Defendant intends to offer expert testimony regarding the insolvency of the Debtors, notice of Defendant's intent to submit any such expert report must be provided no later than November 14, 2022, and any such expert report must be provided no later than December 16, 2022. Any expert rebuttal report by Plaintiff on the insolvency of the Debtors shall be provided no later than January 17, 2023.

4. Any Party's expert report intended to rebut any other expert report, including any other expert reports that may be filed earlier than the deadlines established in this subparagraph, shall be provided no later than 30 days after the report being rebutted, *provided, however,* that in no event shall the 30 day period start prior to October 17, 2022.

5. All expert reports shall provide the information required by Federal Rule of Civil Procedure 26(a)(2)(B).

6. All expert discovery shall be completed no later than March 13, 2023.

7. All motions pursuant to Local Rule 5011-1, including a motion for withdrawal of the reference or motion for a determination of whether the Court has authority to enter final orders and judgments, shall be filed and served not sooner than April 17, 2023, and not later than 60 days prior to trial, and shall be subject to the Local Rules.

8. All dispositive motions shall be filed and served by not later than April 17, 2023 and shall be subject to Local Rule 7007-1.

9. The parties shall file, no later than three business days prior to the date set for trial, a *Joint Pretrial Memorandum* approved by all counsel and shall contemporaneously deliver two copies thereof to Chambers.

10. As soon as practicable after the close of all discovery, counsel for Plaintiff shall contact Chambers to schedule a final pretrial conference in accordance with Local Rule 7016-2(a).

11. The dates and deadlines set forth herein may be extended by written agreement of the Parties or upon written motion or stipulation for good cause shown.

12. The dates and deadlines set forth herein supersede all dates and deadlines set forth in the Original Scheduling Order and the Stipulated Order. The dates and deadlines set forth in the Discovery Order remain in effect.

**Dated: July 28th, 2022**
**Wilmington, Delaware**

**J. KATE STICKLES**
**UNITED STATES BANKRUPTCY JUDGE**