# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> WOODBRIDGE GROUP OF COMPANIES, LLC *et al.*,[1] <br><br> *Remaining Debtors.* | Chapter 11 <br><br> Case No. 17-12560 (BLS) <br><br> (Jointly Administered) |
| MICHAEL GOLDBERG, as Liquidating Trustee of the Woodbridge Liquidation Trust, <br><br> *Plaintiff,* <br><br> v. <br><br> KENNETH HALBERT, <br><br> *Defendant.* | Adv. Proc. Case No. 19-51027 (JKS) |

**DEFENDANT KENNETH HALBERT'S MOTION TO EXTEND DEADLINES IN THE AMENDED SCHEDULING ORDER**

Defendant Kenneth Halbert ("Defendant" or "Mr. Halbert"), by and through his undersigned counsel, respectfully submits this Motion for an Extension of the deadlines ("Motion") in the Amended Scheduling Order ("Amended Scheduling Order") pursuant to Rule 16(b)(4) of the Federal Rule of Civil Procedure (the "Civil Rules"), made applicable to this adversary proceeding by Rule 7016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), given Plaintiff Michael Goldberg's ("Plaintiff")[2] refusal to stipulate to an extension of the current deadlines in the Amended Scheduling Order. Mr. Halbert respectfully

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard, #302, Sherman Oaks, California 91423.

[2] Mr. Halbert and the Plaintiff are collectively referred to herein as the "Parties."

29851630v.5

requests that the Court grant his motion for a two-month extension of the current deadlines outlined in the Amended Scheduling. (D.I. 120).[3]

**Preliminary Statement**

1. Since the outset of this case, Mr. Halbert has been met with resistance and the persistent unreasonable stance taken by the Plaintiff with regards to discovery and the deadlines in this case, despite his diligent efforts to pursue and comply with discovery obligations. Plaintiff has employed tactics to browbeat the Defendant and to gain a tactical advantage by demanding aggressively unrealistic expectations, but in turn, refusing to hold himself to those same expectations. This tactic has continued to prejudice the Defendant and has left the Defendant at a significant disadvantage in this case.

**Factual Background**

    **Procedural Posture**

2. The original scheduling order (the "Original Scheduling Order") was entered by the Court on September 4, 2020. (D.I. 23). A little over a year later, on December 7, 2021, the Plaintiff filed his Amended Complaint (the "Amended Complaint"). (D.I. 85). Defense counsel was substituted into this case on March 7, 2022, and has since continued to face an uphill battle given the Plaintiff's refusal to stipulate to reasonable deadlines after the filing of Plaintiff's Amended Complaint. (D.I. 91).

3. On March 18, 2022, the Court approved the Parties' Stipulation to Amend the Discovery Deadlines (the "Stipulated Order"), pursuant to which certain dates set forth in the Original Scheduling Order were amended (D.I. 95).

---

[3] As discussed further below in this Motion, Mr. Halbert previously proposed a six-month extension of the deadlines in this case. Plaintiff refused and would only stipulate to a four-month (and 1 week) extension.

-2-

29851630v.5

-3-

4. Immediately after the substitution of his new counsel, Defendant served his First Set of Interrogatories ("Defendant's Interrogatories") and First Set of Requests for Production of Documents ("Defendant's First RFPs") on April 11, 2022. On May 11, 2022, Plaintiff responded to the Defendant's Interrogatories and Defendant's RFPs. The parties entered into a confidentiality order ("Confidentiality Order") on May 23, 2022. The Plaintiff's initial document production of 147,285 pages was not provided to Defendant until May 25, 2022, which took several days to download. On the eve of the filing of Plaintiff's discovery dispute letter with the Court (as discussed further below), Plaintiff produced an additional 245,157 documents.

5. Defendant provided his initial responses to Plaintiff's Interrogatories and Defendants First RFPs on May 2, 2022 and provided his document production on May 3, 2022. A series of letters ensued between the Parties related to a discovery dispute (the "Discovery Dispute") raised by the Plaintiff as it pertained to Defendant's responses. The Discovery Dispute was presented to the Court at a July 7, 2022 hearing (the "Hearing").

**Discovery Dispute Hearing**

6. On June 24, 2022, in anticipation of the Hearing, the Defendant filed a responsive letter (D.I. 108) with the Court requesting an extension to the deadlines in place ("Defendant's Letter"), and further opposing Plaintiff's letter to the Court dated June 22, 2022 (D.I. 107). Both in the Defendant's Letter and at the Hearing, Defendant raised the prejudicial disadvantage he faced as a result of Plaintiff's refusal to agree to realistic deadlines since the substitution of defense counsel into the case. In Defendant's responsive communications to Plaintiff related to the Discovery Dispute, Defendant further addressed his initial perceived deficiencies in Defendant's document production.

7.      At the Hearing, the Court provided the following guidance for the Parties with respect to the Defendant's request for an extension of the deadlines:

> But I will say this, that if the parties have further issues or there becomes an issue with scheduling, I will make myself available to make rulings and move this case forward.
>
> And I do appreciate, let me just say, I do appreciate that Mr. Halbert's counsel is new to this case and that you know this, while this case may have been filed in 2019, counsel just became you know familiar with these issues starting in March. So I would ask that the parties work together. But certainly, if you can't agree on a schedule please come back to the Court.

(Hr. Tr. 44:19-25, 25:1-3).

8.      On July 12, 2022, the Court entered an Order Regarding Discovery Dispute ("Discovery Order") (D.I. 116), pursuant to which all dates and deadlines set forth in the Original Scheduling Order and Stipulated Order were suspended pending the Parties' negotiation of a new schedule.

9.      Following the Hearing, Defendant proposed to Plaintiff that the parties agree to a six-month extension of the deadlines in the Stipulated Order. This six-month proposed extension accounted for the anticipated time required for parties to engage in meaningful discovery given Plaintiff's voluminous document production and other issues raised.[4] The Plaintiff refused to agree to a six-month timeframe.

10.     In an effort to avoid burdening the Court with a scheduling dispute, the parties finally agreed to the Plaintiff's proposed four-month (and 1 week) extension. A true and correct copy of the Parties' email communications related to the stipulation entered into by the Parties is attached hereto as **Exhibit A**.  On July 26, 2022, the parties Entered into the Amended Scheduling Order. (D.I. 119).

---

[4] In addition and as noted at the Hearing, Mr. Halbert's wife suffered a traumatic brain injury which placed her in a coma for several months. Mr. Halbert, as her sole caretaker, had limited scheduling availability as a result.

-4-

29851630v.5

11.     The current deadlines in the Amended Scheduling Order are as follows:

| | |
|---|---|
| Fact Discovery Deadline: | November 18, 2022 |
| Plaintiff's Expert Report on Insolvency: | December 2, 2022 |
| Defendant's Expert Report on Insolvency Notice: | November 14, 2022 |
| Defendant's Insolvency Report: | December 16, 2022 |
| Expert Rebuttal on Insolvency: | January 17, 2023 |
| Rebuttal Expert Reports: | 30 days after report |
| Expert Discovery Deadline: | March 13, 2023 |
| Motions under Rule 5011-1: | April 17, 2023 |
| Dispositive Motions: | April 17, 2023 |

**Defendant's Diligence Through Discovery**

12.     After the Hearing and in accordance with the Discovery Order, the Defendant served Supplemental Responses to Plaintiff's RFA's, Supplemental Responses to Plaintiff's RFPs, and Supplemental Responses to Plaintiff's Interrogatories on August 8, 2022.

13.     On September 7, 2022, Plaintiff issued a letter requesting that Defendant amend his Supplemental Responses to Plaintiff's RFAs and further stated that to the "extent Defendant continues to deny receipt of these 34 remaining Non-Admitted Transfers, we are serving concurrently herewith Plaintiff's Second Set of Requests for Production of Documents" ("Plaintiff's Second RFPs"). Plaintiff further requested to schedule Defendant's deposition. A true and correct copy of the September 7, 2022 letter is attached hereto as **Exhibit B**.

14.     On September 23, 2022, Defendant provided a responsive letter with available dates for Defendant's deposition. The letter further requested that Defendant's deposition be conducted remotely primarily because Defendant's wife suffered a traumatic brain injury that has required around the clock care and the Defendant is her primary care giver. A true and correct copy of the September letters and emails exchanged between the parties is attached hereto as **Exhibit C**.

15.     Plaintiff initially objected to Defendant's deposition being conducted remotely and then consented to proceed as such. Plaintiff's counsel and defense counsel discussed the matter

further during a call on September 27, 2022. During the call defense counsel expressed Defendant's intention to explore the possibility of resolving this action and conveyed the intent to proceed with his deposition prior to any such opportunity to do so. Defense counsel further advised that a list of the witnesses that Defendant intended to depose would be forthcoming.

16. After several communications between the Parties (which included the Plaintiff proposing different deposition dates than originally provided for by the Defendant), the Plaintiff noticed Defendant's deposition for October 18, 2022. Defendant was accommodating to Plaintiff's scheduling requests and logistics with regards to the deposition. *See* Exhibit C.

17. On October 7, 2022, Defendant served his Amended Supplemental Responses to the Plaintiff's RFAs. A misunderstanding and/or miscommunication was recognized by the Parties with regards to the Plaintiff's Second RFPs. To avoid any unnecessary discovery disputes, the Defendant agreed to promptly provide responses to Plaintiff's Second Set of RFPS and served the responses with additional documents on October 14, 2022. A true and correct copy of the email communications between counsel related to this issue are attached hereto as **Exhibit D**.

**Plaintiff's failure to respond to Defendant's Deficiency Letter**

18. On October 14, 2022, Defendant issued a formal deficiency letter ("Deficiency Letter") to Plaintiff upon full review of the over 400,000 pages of documents provided by Plaintiff. A true and correct copy of the Defendant's Deficiency Letter is attached hereto as **Exhibit E**. Plaintiff previously addressed his concerns and the deficiencies in Plaintiff's document production in Defendant's May 31, 2022 letter and June 13, 2022 letter to Plaintiff. (D.I. 107, Exhibit G-H).

19. The Defendant's Deficiency Letter outlines the significant deficiencies in the Trustee's Document Production and his discovery responses. The Defendant also reiterated his request for the Securities Exchange Commission documents ("SEC Documents") within Plaintiff's

possession which Plaintiff has referenced on several occasions. The SEC Documents have not been produced by Plaintiff.

20. As of the date of this filing, Plaintiff has yet to respond to the Defendant's Deficiency Letter, has yet to address his discovery deficiencies. and has yet to provide the requested SEC Documents.

**Remaining Depositions and Discovery**

21. On October 14, 2022, Defendant provided his intended deposition list to Plaintiff. Specifically, Defendant requested to depose the Plaintiff, and three DSI employees ("DSI Employees"), and seven witnesses (which include five former employees of the Debtor and two SEC representatives). *See* Exhibit D.

22. On October 17, 2022, Defendant served his Second Set of Requests for Production of Documents on the Plaintiff ("Plaintiff's Second RFPs") given the persistent failure of Plaintiff to address the deficiencies in his document production, and to further provide the SEC Documents. Ideally, these items will be rectified before Defendant deposes the requested deponents.

23. After Defendant's October 18, 2022 deposition taken by the Plaintiff, the Parties exchanged a series of emails in an attempt to schedule the depositions of the deponents which Defendant sought to depose. Defense counsel also reached out to Plaintiff's counsel in follow up to their September 27, 2022 call to explore resolution options. Plaintiff has continued to insist that the underlying litigation continue as scheduled, to include cost prohibitive discovery. Plaintiff's strategy may very well result in needless costs to be incurred by not only Mr. Halbert, but the Remining Debtors' estates as well. To the detriment of all of their parties' interest; despite the fact that the matter may be resolved without need to resort to any further expensive discovery.

24.  On October 17, 2022 and October 25, 2022, Plaintiff issued self-serving letters to Defendant related to the scheduling of the depositions, and in follow up to the various emails that were being exchanged by the Parties. In summary, Plaintiff has taken the position that he will not consent to any extensions of the discovery deadlines irrespective of the witnesses that Defendant seeks to depose within the November 18, 2022 fact discovery deadline. A true and correct copy of the Plaintiff's letters and referenced email communications are attached hereto as **Exhibit F**.

25.  On November 1, 2022, after various communications between the parties related to scheduling, Defendant followed up with Plaintiff with regards to the depositions of Plaintiff and the DSI employees. Defendant advised that he would forego deposing Plaintiff, but that Defendant sought to confirm the depositions of the three DSI employees Thomas Jeremiassen, Bradley Sharp, and Nicholas Troszack on November 16, 2022 and November 18, 2022. Defendant further advised Plaintiff of his intent to file this motion to the Court to further address the remaining depositions that Defendant sought to schedule, and the outstanding discovery issues. A true and correct copy of the November 1, 2022 email is attached hereto as **Exhibit G**.

26.  The remaining depositions which Defendant seeks to notice and issue subpoenas for include the following: Scott Schwartz, Diana Balayan, Robert Reed, Jon Freis, Linda Schmidt, Soneet Kapila, and Brenda Wise.

**Legal Argument**

27.  Pursuant to Civil Rule 16(b)(4), made applicable to this adversary proceeding by Bankruptcy Rule 7016, "A schedule may be modified only for good cause and with the judge's consent."

28.  "[A] court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." *Post Confirmation Tr.*

*of Fleming Cos., Inc. v. Target Corp. (In re Fleming Cos.),* 323 B.R. 144, 146 (Bankr. D. Del. 2005). "[T]he good cause standard under Rule 16(b) hinges on diligence of the movant, and not on prejudice to the non-moving party." *Roquette Frères v. SPI Pharma, Inc*., C.A. No. 06-540-GMS, 2009 U.S. Dist. LEXIS 43740 at *13 (D. Del. May 21, 2009); *Riverside Acquisition Grp. LLC v. Vertis Holdings, Inc. (In re Vertis Holdings, Inc.),* 536 B.R. 589, 612 n.192 (Bankr. D. Del. 2015)(Granting Third Amended Scheduling Order to allow two additional depositions per party following voluminous document productions); *Burtch v. Masiz (In re Vaso Active Pharms., Inc.),* 500 B.R. 384, 400 (Bankr. D. Del. Oct. 15, 2013); *FBI Wind Down Inc. Liquidating Trust v. Innovative Delivery Sys. (In re FBI Wind Down, Inc.),* 581 B.R. 387, 416-417 (Bankr. D. Del. 2018)(Court considered several factors in determining to re-open discovery: "(1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allotted by the district court; and (6) the likelihood that the discovery will lead to relevant evidence.").

29. As outlined extensively above, the Defendant has been diligent in his review of the Plaintiff's discovery responses, review of Plaintiff's voluminous document production (which, as noted above, exceed 400,000 pages), and in seeking to request depositions of witnesses within the requisite fact discovery deadline. In addition to these diligent efforts, the Defendant has been fully compliant with the Plaintiff's extensive demands through the discovery process.

30. Plaintiff has not yet responded to Defendant's Deficiency letter, and the Plaintiff's deficiencies still need to be addressed by the Parties. Given the upcoming deadlines, and the lack of responsive communications from the Plaintiff addressing the Deficiency Letter, an extension is

warranted. As explained above, Defendant previously conveyed the perceived deficiencies in Plaintiff's document production back on May 31, 2022, and on June 13, 2022, which were further reiterated upon full review of the Plaintiff's voluminous document production. Defendant has requested on several occasions that Plaintiff provide him with the SEC Documents, that Plaintiff has continued to reference, but Defendant has not yet received said documents. Coincidently the SEC Documents were not included in the Plaintiff's voluminous document production.

31. Defendant have been diligent throughout the discovery process, despite Plaintiff's unwillingness to cooperate with Defendant. As expressed at the prior hearing, the substitution of counsel significantly disadvantaged the Defendant given the Plaintiff's unwillingness to consent to realistic deadlines to allow for the proper flow of discovery in this case. In addition, Defendant has consistently had to play catch-up given the Plaintiff's refusal to stipulate to realistic deadlines to permit the Defendant to review the voluminous document production and to further determine the appropriate witnesses to depose. Defense counsel initially requested a six-month extension to the discovery deadlines after the Hearing, which Plaintiff refused, and that led to the parties agreeing to implement a four-month (1 week) extension.

32. The Defendant's diligent efforts demonstrate that good cause exists to grant a brief two-month extension of the deadlines in the Amended Scheduling Order, in order to allow Defendant to depose the remaining third-party witnesses and to further address the deficiencies in Plaintiff's discovery responses and document production. In addition, a brief extension is warranted to permit Defendant's expert to opine on this case and issue an expert report after the deposition of the remaining witnesses and the deficiencies in the Plaintiff's discovery responses have been addressed.

WHEREFORE, the Defendant Kenneth Halbert hereby requests that the Court grant this

-11-

Motion, and permit the extension of the deadlines in the Amended Scheduling Order to be extended by two months.

| | |
|---|---|
| Dated: November 7, 2022 | **WHITE AND WILLIAMS LLP** |

By: */s/ Rochelle L. Gumapac*
Rochelle L. Gumapac (DE Bar No. 4866)
Agatha C. Mingos (DE Bar No. 5642)
600 N. King Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 467- 4531
gumapacr@whiteandwilliams.com
mingosa@whiteandwilliams.com

and,

Heidi J. Sorvino (*pro hac vice pending*)
James Vandermark (*pro hac vice pending*)
Travis Powers (*pro hac vice pending*)
7 Times Square, Suite 2900
New York, New York 10036
sorvinoh@whiteandwilliams.com
vandermarkj@whiteandwilliams.com

*Attorneys for Defendant Kenneth Halbert*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| WOODBRIDGE GROUP OF ) | |
| COMPANIES, LLC, *et al.,* ) | Case No. 17-12560 (JKS) |
| ) | (Jointly Administered) |
|           Remaining Debtors. ) | |
| _____ ) | |
| MICHAEL GOLDBERG, in his capacity as ) | |
| Liquidating Trustee of the WOODBRIDGE ) | Adversary Proceeding No. 19-51027 (JKS) |
| LIQUIDATION TRUST, ) | |
| ) | |
|           Plaintiff, ) | JURY TRIAL DEMANDED |
| ) | |
|           v. ) | |
| ) | |
| KENNETH HALBERT, ) | |
| ) | |
|           Defendant. ) | |
| _____ ) | |

## NOTICE OF SERVICE

The undersigned hereby certifies that on November 3, 2022, a true and correct copy of **DEFENDANT KENNETH HALBERT'S MOTION FOR EXTENSION** caused to be served via Electronic Mail, upon the following:

| | |
|---|---|
| Richard M. Pachulski, Esq.<br>Andrew W. Caine, Esq.<br>Bradford J. Sandler, Esq.<br>Jason S. Pomerantz, Esq.<br>Colin R. Robinson, Esq.<br>PACHULSI STANG ZIEHL & JONES LLP<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE  19899 | Kenneth N. Klee, Esq.<br>Michael L. Tuchin, Esq.<br>David A. Fidler, Esq.<br>Robert J. Pfister, Esq.<br>KTBS LAW LLP<br>1801 Century Park East, 26th Floor<br>Los Angeles, CA  90067 |

(*Counsel for the Plaintiff*)

-13-

/s/ Rochelle Gumapac
Rochelle Gumapac
Rochelle L. Gumapac (DE Bar No. 4866)
Agatha C. Mingos (DE Bar No. 5642)
600 N. King Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 467- 4531
gumapacr@whiteandwilliams.com
mingosa@whiteandwilliams.com

and,

Heidi J. Sorvino (*pro hac vice pending*)
James Vandermark (*pro hac vice pending*)
Travis Powers (*pro hac vice pending*)
7 Times Square, Suite 2900
New York, New York 10036
sorvinoh@whiteandwilliams.com
vandermarkj@whiteandwilliams.com

*Attorneys for Defendant Kenneth Halbert*