**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In Re: | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, LLC, *et al*., | Case No. 17-12560 (JKS) |
| Remaining Debtors. | (Jointly Administered) |
| MICHAEL GOLDBERG, in his capacity as Liquidating Trustee of the WOODBRIDGE LIQUIDATION TRUST, | Adv. Proc. No. 19-51027 (JKS) |
| Plaintiff, | |
| v. | |
| KENNETH HALBERT, | |
| Defendant. | |

**NOTICE OF INTENT TO SERVE SUBPOENA**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 45(a), made applicable to this matter by Federal Rule of Bankruptcy Procedure 9016, counsel for Defendant Kenneth Halbert intends to serve the attached subpoena on Scott Schwartz to testify and to produce the documents described in Exhibit A to the subpoena.

Dated: December 29, 2022

**WHITE AND WILLIAMS LLP**

By: */s/ Rochelle L. Gumapac*
Rochelle L. Gumapac (DE Bar No. 4866)
Agatha C. Mingos (DE Bar No. 5642)
600 N. King Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 467- 4531
gumapacr@whiteandwilliams.com
mingosa@whiteandwilliams.com

and,

Heidi J. Sorvino (*pro hac vice pending*)

James Vandermark (*pro hac vice pending*)
7 Times Square, Suite 2900
New York, New York 10036
sorvinoh@whiteandwilliams.com
vandermarkj@whiteandwilliams.com

*Attorneys for Defendant Kenneth Halbert*

# UNITED STATES BANKRUPTCY COURT

District of Delaware

In re Woodbridge Group of Companies, LLC
Debtor

(Complete if issued in an adversary proceeding)

Michael Goldberg, in his capacity as Trustee
Plaintiff
v.
Kenneth Halbert
Defendant

Case No. 17-12560 (JKS)

Chapter 11

Adv. Proc. No. 19-51027 (JKS)

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Scott Schwartz
*(Name of person to whom the subpoena is directed)*

■ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| White and Williams LLP, 7 Times Square, Suite 2900, New York, NY 10036 | 1/20/23 12:00 PM EST |

The deposition will be recorded by this method:
By video and stenographic means

■ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See Exhibit A

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/29/22

CLERK OF COURT

OR

*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Kenneth Halbert , who issues or requests this subpoena, are:
Agatha C. Mingos, 7 Times Square, Suite 2900, New York, NY 10036; mingosa@whiteandwilliams.com; 212-631-4438

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* __________ .

☒ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
_____________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
_____________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

_______________________________________________
*Server's signature*

_______________________________________________
*Printed name and title*

_______________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**

**DEFINITIONS**

1. *You/Your*: "You" and "Your" shall refer to the recipient of the attached subpoena.

2. *And/Or*: "And" as well as "or" shall be construed disjunctively as well as conjunctively, as necessary, in order to bring within the scope of these requests all information that might otherwise be construed to be outside their scope.

3. *Any/All*: "Any" as well as "all" shall be construed to mean "each and every."

4. *Communication*: The term "Communication" shall mean any contact, oral or written, formal or informal, at any time or place, under any circumstances, in any manner, whereby a statement of any nature is transmitted, disclosed, exchanged or transferred, and shall include, without limitation, any Documents containing, constituting, reflecting, memorializing, referring to or relating to any such contact.

5. *Debtor*: As used herein, "Debtor" or "Debtors" shall mean Woodbridge Group of Companies, LLC and any debtor affiliates as referred to in the Amended Complaint, together with their officers, directors, employees, agents and representatives, acting, allegedly acting or purporting to act in their capacities as such.

6. *Document*: Document is used in the broadest sense permitted by Federal Rule of Civil Procedure 34 and includes, without limitation, any writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained directly, or if necessary, after translation into a reasonably usable form, as set forth in Federal Rule of Civil Procedure 34(a)(1)(A). The term "Document" also includes, without limitation, any Document now or at any time in the possession, custody or control of the entity to whom these document requests are directed (together with any predecessors, successors, affiliates, subsidiaries or divisions thereof, and their officers, directors, employees,

agents and attorneys). Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a Document if the person has the right to secure the Document or a copy thereof from another person having actual possession thereof, including without limitation, work product contracted by you from others. Documents that are identical, but in the possession of more than one person or entity, are separate Documents within the meaning of this term. A draft or non-identical copy is a separate Document within the meaning of this term.

7. *Governmental Body*: The term refers to any governmental agency and/or department of the federal, state, or any local government, including but not limited to the U.S. Securities and Exchange Commission.

8. *Refer/Relate*: The terms "refer to" or "relate to" means constituting, defining, describing, discussing, involving, concerning, containing, embodying, reflecting, identifying, stating, analyzing, mentioning, responding to, referring to, dealing with, commenting upon, or in any way pertaining to.

**INSTRUCTIONS**

1. In responding to these requests, you are required to furnish all information that is available to you, including information in the possession of your agents, attorneys, investigators, and anyone else acting on your behalf.

2. If you cannot fully respond to a particular request after exercising due diligence to secure the information necessary to do so, state the fact with respect to each such request, and respond to the fullest extent possible, specifying in detail what efforts were made, and by whom, to obtain the information requested in the unanswered portion.

3. The singular number and masculine gender shall include, and be applied as, the plural or feminine or neuter, as the circumstances of the particular request may make appropriate.

4. These requests are continuing in nature and you are requested to promptly provide, by way of supplemental responses, such additional information as may hereafter be obtained by you or any person acting on your behalf, including your counsel.

5. If a claim of privilege is asserted as to any oral or written Communication responsive to or requested by these requests, please Identify such oral or written Communication, the precise privilege asserted, the factual predicate for such assertion, and those persons who have knowledge regarding any facts contained in, or regarding the substance of, said Communication, so as to allow defendant to bring this matter before the Court. Communications shall be deemed to be adequately described for this purpose if the following information is provided:

a. The nature of the privilege claimed (the term privilege as used herein shall include work product);

b. The identity and position of the person(s) who made the statement or prepared the Document;

c. In the case of written Communications, the approximate date the Document was prepared, its title, the type of Document (*e.g.*, letter, memo, etc.), the name and address of the person(s) to whom it is addressed and the person(s) to whom it was sent, and the name and position of each person, including attorneys representing any party in connection with this lawsuit, to whom the contents of the Documents have been communicated by copy, exhibition, reading or substantial summarization;

d. In the case of oral Communications, the location and approximate date of each such Communication, the identity of each person who was a party to the Communication, and the identity of each person, including attorneys

representing any party in connection with this lawsuit, to whom the contents or substance of the Communication, or any part thereof, has been communicated; and

e. A brief description or summary of the contents or substance of the Communication sufficient to explain the basis for the claim of privilege.

6. The Request or any subpart thereof being responded to shall be restated immediately preceding the response to such Request or any subpart thereof.

7. If any Document identified is no longer in your possession or control, or is no longer in existence, state whether it is: (1) lost or missing; (2) destroyed; (3) transferred voluntarily or involuntarily to others and, if so, to whom; or (4) otherwise disposed of; and (5) in each instance, explain the circumstances surrounding the authorization for such disposition, and state the approximate date thereof.

8. Unless otherwise stated, these Requests shall cover the time period from January 1, 2012 to the present. The Requests shall be deemed continuing in nature. If you become aware of or acquire additional information responsive to or otherwise concerning any of the following Requests, You shall immediately supplement Your responses.

**REQUESTS**

REQUEST NO. 1 All Documents and/or Communications You received from the Securities Exchange Commission or any other Governmental Body in connection with this lawsuit and/or the Debtor.

REQUEST NO. 2 All contracts and agreements between You and the Debtor.

REQUEST NO. 3 All Documents and/or Communications between You and the Debtor referring or relating to Kenneth Halbert.

REQUEST NO. 4 All Documents and/or Communications between You and Robert Shapiro.

REQUEST NO. 5 All Documents and/or Communications between You and any third-party referring or relating Kenneth Halbert.

REQUEST NO. 6 All Documents and/or Communications between You and Kenneth Halbert.

REQUEST NO. 7 All Documents and/or Communications referring or relating to Kenneth Halbert and any bridge loans made to the Debtor.

REQUEST NO. 8 All Documents and Communications between You and any employee, agent, or representative of the Debtor.